122 F.3d 830
 38 Fed.R.Serv.3d 394, RICO Bus.Disp.Guide 9419,
97 Cal. Daily Op. Serv. 6849,
97 Daily Journal D.A.R. 11,092
 Steven R. NUSOM; Marianne Nusom, Plaintiffs-Appellants,
v.
COMH WOODBURN, INC., d/b/a Central Homes; Bonnie G. Tornow;
Shirley Ann Robins; Phil Morgan; Colleen Souther; CIT
Group/Sales Financing Inc.; Dave Eby, d/b/a Dave Eby Co.;
Fleetwood Homes Of Oregon Inc., Defendants-Appellees.
 No. 96-35632.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 8, 1997.
Decided Aug. 26, 1997.
 
 Patricia Ferrell-French, West Linn, OR, for plaintiffs-appellants.
 Lee M. Hess, Becker, Hunt & Hess, Portland, OR, for defendant-appellee CIT Group-Sales Financing, Inc.
 Walter F. Brown, Lake Oswego, OR, for amicus curiae Oregon Consumer League.
 Appeal from the United States District Court for the District of Oregon; Helen J. Frye, District Judge, Presiding. D.C. No. CV-95-01492-HJF.
 Before GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 RYMER, Circuit Judge.
 
 
 1
 We must decide whether a plaintiff waives a statutory entitlement to seek attorney fees under the Truth in Lending Act (TILA), 15 U.S.C. § 1640, and Oregon's civil racketeering statute, Or.Rev.Stat. § 166.725(14) (ORICO)--both of which make attorney fees an item to be awarded separate from costs--by accepting an offer of judgment under Federal Rule of Civil Procedure 68 for "$15,000, together with costs accrued to the date of this offer."
 
 
 2
 Steven and Marianne Nusom appeal the district court's order denying their request for attorney fees. The court held that the Nusoms waived any claim they might have had by accepting a Rule 68 offer of judgment for $15,000 plus costs since attorney fees are not recoverable as costs under TILA and ORICO. We disagree, because a Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, is ambiguous when the underlying statute does not make attorney fees a part of "costs." As a waiver or limitation on attorney fees must be clear and unambiguous, we must reverse.
 
 
 3
 * The Nusoms filed suit on August 25, 1995 in Oregon Circuit Court against The CIT Group/Sales Financing, Inc., the lender on their purchase of a mobile home and parcel of land, and others for problems arising out of the purchase.[1] The complaint alleges that CIT failed to make disclosures required by TILA and that it engaged in illegal practices under ORICO in connection with a loan that it made. The Nusoms sought $ 45,000 in actual damages, treble damages under ORICO, and $ 300,000 in punitive damages on each of three claims against CIT.
 
 
 4
 Soon after CIT removed the action, it made an offer of judgment under Rule 68,[2] which the Nusoms accepted December 27, 1995. The offer of judgment states:
 
 
 5
 Pursuant to Fed R Civ P 68, the CIT Group/Sales Financing, Inc., (CIT) hereby offers to allow Judgment to be taken against CIT and in favor of Plaintiffs in the amount of $ 15,000.00, together with costs accrued to the date of this offer, as provided in Fed R Civ P 68.
 
 
 6
 On January 18, 1996, the Nusoms filed a proposed "Order For Final Judgment Under Fed.R.Civ.P. 54(b) Against the CIT Group/Sales Financing, Inc." The proposed order stated:
 
 
 7
 This is to certify that ... the undersigned hereby determines that there is no just reason for delay and expressly directs the entry of a final judgment in the amount of $ 15,000, together with costs and reasonable attorney fees accrued through the date of December 17, 1995, against ... CIT. (Emphasis added)
 
 
 8
 CIT objected to the proposed form of order because it directed entry of final judgment for costs and attorney fees, whereas its offer of judgment (accepted by the Nusoms) offered to settle for costs without reference to attorney fees. After considering the Nusoms' response, the district court entered a Rule 54(b) order for final judgment that did not mention attorney fees:
 
 
 9
 This is to certify that ... the undersigned hereby determines that there is no just reason for delay and expressly directs the entry of a final judgment in the amount of $ 15,000, together with costs accrued through the date of December 17, 1995 against ... CIT.
 
 
 10
 The same day, the district court directed the Nusoms to file a motion for attorney fees pursuant to Local Rule 265. After they did, the district court denied the motion for fees on the ground that the Nusoms waived any claim they might have had when they accepted the offer of judgment limiting their recovery to the costs accrued. The Nusoms timely appealed.II
 
 
 11
 The Nusoms argue that attorney fees are mandatory in a successful action to enforce both TILA and ORICO, and that the court should have awarded fees because entry of final judgment against CIT is a "successful action" under TILA. They submit that they did not waive attorney fees by accepting CIT's Rule 68 offer, as the offer was silent on the subject. The district court got it wrong, the Nusoms suggest, by confusing the attorney fee provision in TILA (which does not define costs to include attorney fees) with statutes such as the Civil Rights Act, 42 U.S.C. § 1988 (which does), in the context of a Rule 68 offer to settle for a dollar amount with "costs." Since TILA mandates the recovery of attorney fees in addition to costs, they conclude, CIT's Rule 68 offer does not prevent that recovery.
 
 
 12
 CIT counters that because Rule 68 adopts the definition of costs in the underlying statute, and in the case of TILA the term "costs" unambiguously excludes attorney fees, its offer in the language of Rule 68 likewise unambiguously excludes attorney fees. It contends that the court has no authority to modify its offer by adding attorney fees without its consent. In any event, CIT argues, none of the substantive issues in the case was litigated, so the Nusoms haven't proved any wrongdoing and cannot be "successful" for purposes of their TILA claims or "prevailing parties" for purposes of ORICO. Finally, CIT urges, allowing the Nusoms attorney fees on top of the offer would frustrate the purposes of Rule 68; as CIT sees it, if the Nusoms had rejected the offer, their final recovery, including pre-offer attorney fees, would be compared to the $15,000 figure to determine whether or not to invoke Rule 68's cost-shifting provisions.
 
 
 13
 We need not completely reinvent the wheel to resolve this appeal, for the Supreme Court has told us that Rule 68 incorporates the definition of costs under the relevant substantive statute. Marek v. Chesny, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Thus, in Marek, which was a civil rights action for which attorney fees may be awarded pursuant to 42 U.S.C. § 1988 "as part of costs," an offer to settle for a sum "including costs now accrued and attorney's fees" had the effect of precluding the plaintiff from recovering attorney fees incurred after rejecting the offer that turned out to be more favorable than what he got at trial.
 
 
 14
 We also have held that the "usual rules of contract construction" apply to a Rule 68 offer of judgment. Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 2549, 135 L.Ed.2d 1068 (1996). Therefore, ambiguities are construed against the offeror. Erdman v. Cochise County, 926 F.2d 877, 880-81 (9th Cir.1991). But "Rule 68 offers differ from contracts with respect to attorney fees," id. at 880; as to them, any waiver or limitation must be clear and unambiguous. Guerrero, 70 F.3d at 1113; Erdman, 926 F.2d at 880.
 
 
 15
 However, we have not previously considered whether a judgment for a sum plus costs, entered upon acceptance of a Rule 68 offer of judgment in an action where the underlying statute does not define costs to include attorney fees, excludes attorney fees as a matter of law. We conclude that, in this case, the judgment does not foreclose the Nusoms from seeking attorney fees because it does not clearly and unambiguously waive or limit them.
 
 
 16
 This decision is not without difficulty. We recognize that in general, defendants making a Rule 68 offer contemplate a lump-sum judgment that represents their total liability. Otherwise, as the Supreme Court pointed out in Marek, "they would understandably be reluctant to make settlement offers." Marek, 473 U.S. at 6-7, 105 S.Ct. at 3014-15. At the same time, defendants are the master of what their Rule 68 offers offer. If there is any room for doubt about what is included, or excluded, when "costs" are offered, the defendant can craft its offer to make clear the total dollar amount that it will pay.
 
 
 17
 CIT said it would pay "costs." There is no question that neither TILA[3] nor ORICO[4] defines costs as including attorney fees. To CIT this could only signify that its offer to pay a sum plus "costs" means costs excluding attorney fees because TILA does not define costs to include attorney fees. This is not an unreasonable view, as an offer of judgment for $ 15,000 plus costs may indicate that if accepted, a judgment will be entered for that sum plus costs (filing fees and the like). Yet the opposite construction is just as plausible: that CIT's offer to pay a sum plus "costs" means costs without regard to attorney fees since TILA does not make attorney fees (which are mandatory for a successful action) part of costs, thereby leaving entitlement to fees as well as their amount to a post-judgment hearing in the ordinary course. See Fed.R.Civ.P. 54(d)(2)(A) & (B); Or. Loc. R. 265-4.
 
 
 18
 We are not persuaded by CIT's argument that its offer of $ 15,000 plus costs necessarily excludes attorney fees because TILA treats attorney fees separately from costs. To us, this distinguishes the settlement that CIT's offer was meant to stimulate, and the standard for comparison if the offer were rejected, from Marek. Cf. Haworth v. Nevada, 56 F.3d 1048, 1051 (9th Cir.1995) ("costs" does not include attorney's fees under the Fair Labor Standards Act and Rule 68 does not bar award of attorney fees for services rendered after offer is rejected). Rule 68 shifts costs, not fees, unless attorney fees are a part of costs under the substantive statute. Consequently, while an offer to have judgment entered for a sum "including costs and attorney fees" may shift attorney fees when the underlying statute makes attorney fees part of costs (as was the case in Marek), it does not follow that an offer to have judgment entered for a sum "together with costs" has the same effect of being a lump-sum settlement, precluding the recovery of attorney fees, when the underlying statute does not make attorney fees a part of costs. In these circumstances, where the underlying statute does not make attorney fees part of costs, it is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs.
 
 
 19
 We do not think this is an unreasonable burden, for it is within a defendant's power to make an offer to allow judgment to be taken against it "to the effect specified in the offer." Fed.R.Civ.P. 68. The offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured. As such, defendants bear the brunt of uncertainty but easily may avoid it by making explicit that their offers do or do not permit plaintiffs to recover attorney fees.
 
 
 20
 Although we understand how the district court could have concluded otherwise, we cannot say that the judgment as offered, accepted, and entered clearly and unambiguously waived or limited attorney fees as it was silent on the subject and the underlying statute provides for an award of attorney fees separate from costs in successful actions. We must, therefore, reverse.
 
 
 21
 In doing so, however, we emphasize that the denial of the Nusoms' motion for attorney fees on the ground of waiver is the only issue before us. We have no occasion to consider, and we make no comment one way or the other on, whether there was a meeting of the minds, or on what the intentions of the parties may have been in light of the pleading and negotiating history, or on the effect (if any) of the parties' understanding of the law on the offer and acceptance or judgment. Neither party here requested an evidentiary hearing. Cf. Erdman, 926 F.2d at 879 n. 2 (noting that where material facts concerning the terms of an agreement to settle are in dispute the parties must be allowed an evidentiary hearing); Radecki v. Amoco Oil Co., 858 F.2d 397, 403 (8th Cir.1988) (rescinding Rule 68 agreement on the ground of mutual mistake); Trent v. Parkview Metals Prods., 157 F.R.D. 45, 48 (N.D.Ill.1994) (extrinsic evidence shows that parties did not contemplate that plaintiff would be entitled to attorney fees over and above the Rule 68 offer). We hold only that a Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs.
 
 
 22
 Accordingly, we reverse and remand for the district court to consider the Nusoms' fee request on the merits, and for such other proceedings as may be appropriate.[5]
 
 
 23
 REVERSED and REMANDED.
 
 GOODWIN, J., concurring:
 
 24
 The plaintiffs in this case have appealed only the district court's denial of their post-judgment motion for attorneys' fees. Thus, the only question before us is whether the plaintiffs waived the right to seek fees by accepting the defendants' offer of judgment pursuant to Rule 68. I agree with the majority that we cannot answer this question in the affirmative because, in this circuit, any waiver or limitation of attorneys' fees under Rule 68 must be clear and unambiguous. See Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 2549, 135 L.Ed.2d 1068 (1996).
 
 
 25
 The defendants have not appealed from the judgment entered by the district court pursuant to Rule 68. On remand, I assume the defendants could move for relief from judgment on the ground that there was no meeting of the minds to support the Rule 68 agreement. See Radecki v. Amoco Oil Co., 858 F.2d 397, 403 (8th Cir.1988). Although after today's decision such a motion would likely fail because defendants will now be on notice that they must make explicit that their Rule 68 offers include fees, on the facts of this case, I would be inclined to grant such a motion.
 
 REINHARDT, J., concurring:
 
 26
 I fully concur in Judge Rymer's opinion for the court. I note only that I do not agree with Judge Goodwin's concurrence and believe that all that remains for the district court to do is to determine the amount of attorney's fees to be awarded plaintiffs. I very much doubt that the defendants can now have a second shot at avoiding those fees. I would think that the district court would be required to deny any motion they might seek to make.
 
 
 
 [1]
 The Nusoms accepted a Rule 68 offer of judgment (for $ 25,000 plus costs and attorney's fees) by Central Homes (the dealer); they reached a settlement with Fleetwood Homes of Oregon, Inc. (the mobile home manufacturer); and their claims against Dave Eby (the appraiser) were severed and remanded
 
 
 [2]
 Rule 68 provides that "[a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." Fed.R.Civ.P. 68
 
 
 [3]
 TILA provides:
 (a) [A]ny creditor who fails to comply with any requirement imposed under this part with respect to any person is liable to such person ...
 ...
 (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.
 15 U.S.C. § 1640(a) (emphasis added).
 
 
 [4]
 Or.Rev.Stat. 166.725(14) provides:
 The court may award reasonable attorney fees to the prevailing party in a civil action under this section.
 
 
 [5]
 The Nusoms argue that they should be awarded attorney fees after (as well as before) CIT served its Rule 68 offer, which is an issue that we also leave to the district court on remand