**Denise BEVARD, Plaintiff–Appellant,**

v.

**FARMERS INSURANCE EXCHANGE, Defendant–Appellee.**

**No. 95–16047.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 1996.

Decided Oct. 24, 1997.

James Andre Boles, Reno, Nevada, for plaintiff-appellant.

Robert L. Eisenberg, Lemons, Grundy & Eisenberg, Reno, Nevada, for defendant-appellee.

Before: NORRIS and KOZINSKI, Circuit Judges, and MOLLOY,* District Judge.

Per Curiam Opinion; Partial Concurrence and Partial Dissent by Judge NORRIS.

PER CURIAM:

Denise Bevard made a claim against her insurer, Farmers Insurance Exchange, but Farmers denied coverage. After Bevard filed suit in federal court, Farmers made an $8,001 offer of judgment pursuant to Fed. R.Civ.P. 68. The offer included "recoverable

---

* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting     by designation.

costs and fees." Bevard turned down the offer and proceeded to trial, where she was awarded $5,625. After trial both parties sought costs and attorney's fees. The district court ordered Bevard to pay Farmers' post-offer costs and let each party bear its own attorney's fees. Bevard appeals the district court's determinations that she was not entitled to attorney's fees under Nevada Revised Statute 18.010 and that she was liable to Farmers for post-offer costs under Fed. R.Civ.P. 68. We affirm.

■■■ In this diversity case, Nevada state law determines Bevard's entitlement to attorney's fees. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1623 n. 31, 44 L.Ed.2d 141 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." (internal quotation and citation omitted)) In *Bowyer v. Taack,* 107 Nev. 625, 627, 817 P.2d 1176 (1991), the Nevada Supreme Court held that litigants are precluded from recovering attorney's fees under Nevada Revised Statute 18.010 when they are precluded from obtaining such fees under Nevada R. Civ. P. 68. And, what does Nevada R. Civ. P. 68 say? "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, *nor attorneys'·fees.* ..." (emphasis added). The Court in *Bowyer* also specifically held that "under ... [Nevada R. Civ. P.] 68 ... taxable costs, attorney's fees, and prejudgment interest should not be included as part of a judgment to determine whether the judgment is greater than a previously tendered offer of judgment." 107 Nev. at 629, 817 P.2d 1176. Excluding all costs and fees, we conclude that the judgment awarded at trial ($5,625) is less than the judgment offer ($8,001). Since Bevard is not entitled to attorney's fees for purposes of Nevada R. Civ. P. 68, she does not get attorney's fees under Nevada Revised Statute 18.010.

■■■ The district court determined that Bevard did not improve her position by rejecting Farmers' offer and going to trial and, therefore, that she was liable for Farmers'

post-offer costs. *See* Fed.R.Civ.P. 68. Bevard only improved her position by going to trial if Farmers' offer included attorney's fees. It did not.

In *Nusom v. Comh Woodburn, Inc.,* 122 F.3d 830 (9th Cir.1997), we held that "a Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of the costs." *Id.* at 835. We also stated that in a Rule 68 Offer of Judgment "any waiver or limitation must be clear and unambiguous" with respect to attorney's fees. *Id.* at 833.

In this case, Farmers' offer totalled $8,001, "including any recoverable costs and fees." The offer on its face includes costs, but it does not explicitly exclude seeking attorney's fees. Defendant here did not make explicit that its offer did not permit plaintiff to recover attorney's fees as required under *Nusom. Id.* at 834 (noting that "defendants bear the brunt of uncertainty but easily may avoid it by making explicit that their offers do or do not permit plaintiffs to recover attorney fees"). We therefore conclude that the offer did not include attorney's fees.

Since the offer of $8,001 did not include attorney's fees, Bevard did not improve her position by going to trial and winning a verdict of $5,625. (She does not get the additional costs she incurred going to trial because, had she accepted the offer, she would not have incurred them.) Adding pre-offer costs of $1,916 to the verdict gives a total of $7,541, which is less than Farmers' offer. She is therefore liable for costs under Rule 68.

**AFFIRMED.**

NORRIS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Bevard is the prevailing party under Nevada law. I disagree, however, that Farmers' offer of judgment for $8,001, "including any costs and fees," did not include attorney fees.

*Nusom v. Comh Woodburn, Inc.,* 122 F.3d 830 (9th Cir.1997), does not control this case. In *Nusom,* the plaintiffs accepted an offer of

judgment for "$15,000, together with costs accrued to the date of this office." The question presented on appeal was whether the acceptance constituted a waiver of plaintiffs' statutory entitlement to seek attorney fees. "As a waiver or limitation on attorney fees must be clear and unambiguous" (*id.* at 832), we held that the plaintiffs' acceptance of the offer was not a waiver of fees because of the ambiguity created by its silence as to fees.

Here, Farmers' offer was not silent as to fees. It expressly included "any recoverable costs *and fees*." It is hard to imagine what "recoverable fees" Farmers' intended to include in the offer if not recoverable attorney fees. It is also hard to imagine that any lawyer, especially one experienced in settling cases, would interpret Farmers' offer to mean "including any recoverable costs and fees, *but excluding attorney fees.*"

Aside from this crucial difference in the language of the two offers, *Nusom* does not control this case for another reason. Unlike the plaintiffs in *Nusom*, Bevard did not accept the offer of judgment. As a result, the "clear and unambiguous" standard does not apply because there is no issue of waiver of a statutory entitlement to seek fees.

The bottom line is that this appeal presents a straightforward question of contract interpretation: Did Farmers' intend to include or exclude attorney fees from its offer of judgment? If Farmers had intended to exclude attorney fees, it could easily of said so. And it most certainly would not have used the words "including recoverable costs *and fees.*"