**Lilly MIOLI, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC., Defendant–Appellee.**

No. 99–17131.

D.C. No. CV–97–00668–LRL.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 14, 2001.

Submission deferred Feb. 14, 2001.

Submitted Feb. 21, 2001.

Decided March 22, 2001.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

### MEMORANDUM *

Plaintiff–Appellant Lilly Mioli appeals from the district court's order denying her motion for prejudgment interest and awarding Wal–Mart Stores, Inc. (hereinafter "Wal–Mart") costs pursuant to Fed. R.Civ.P. 68. We affirm the district court's denial of prejudgment interest, but vacate the district court's award of costs to Wal–Mart.

Mioli contends that the district court erred in denying her motion for prejudgment interest because Wal–Mart's offer of judgment specifically included interest. Mioli's argument that the terms of the offer conferred a substantive entitlement to prejudgment interest fails because "[i]n diversity jurisdiction, state law governs all awards of pre-judgment interest." *Mutuelles Unies v. Kroll & Linstrom,* 957 F.2d 707, 714 (9th Cir.1992). Accordingly, the district court did not err by applying Nevada law to determine Mioli's entitlement to prejudgment interest. Mioli does not contend that the district court erred in its application of Nevada law. Thus, we affirm the district court's denial of Mioli's motion for prejudgment interest.

Similarly, Mioli contends that the district court erred in denying her motion for taxable costs. This contention is inaccurate, however, because the district court granted Mioli's motion for costs and awarded her $710.25. Mioli does not argue, nor does the record reflect, that this award was affected by the district court's finding that the final judgment was beaten by Wal–Mart's offer for purposes of Fed. R.Civ.P. 68. Accordingly, we affirm the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

district court's award of $710.25 in taxable costs to Mioli.

 Finally, Mioli contends that the district court erred in awarding Wal–Mart $642.50 in taxable costs based on the court's determination that the final judgment was beaten by Wal–Mart's offer. We agree. Wal–Mart's offer explicitly included "costs, interest and attorney's fees." Mioli sought prejudgment interest in the amount of $7,801.27, far exceeding the difference between the jury's verdict and the offer. Though Mioli was not entitled to recover prejudgment interest under Nevada law, the terms of Wal–Mart's offer required the district court to consider prejudgment interest in determining whether Mioli had bested Wal–Mart's offer for purposes of Fed.R.Civ.P. 68. *See Bevard v. Farmers Ins. Exch.*, 127 F.3d 1147, 1148 (9th Cir.1997) (stating that offer of judgment pursuant to Rule 68 would have been beaten if it had included attorney's fees, even though such fees were not recoverable under applicable state law). Accordingly, we vacate the district court's award of $642.50 in taxable costs to Wal–Mart.

AFFIRMED IN PART and VACATED IN PART.

Each party shall bear its own costs on appeal.