Daniel R. WALSH, Plaintiff,

v.

William Cody KELLY, deceased, Patrick Kelly, and Karen Lucille Kelly, personal representatives of William Cody Kelly, and William Cody Kelly Trust, Defendants.

No. CV–N–94–0466–ECR–VPC.

United States District Court,
D. Nevada.

Sept. 17, 2001.

Michael Matuska, Brooke & Shaw, Ltd., Minden, NV, Daniel R. Walsh, Carson City, NV, James M. Walsh, Reno, NV, for plaintiff.

Tracy M. Clements, Kreig, Keller, Sloan, Reilly & Roman, San Francisco, CA, David Hamilton, Reno, NV, Stan G. Roman, Kreig, Keller, Sloan, Reilly & Roman, San Francis-

co, CA, Thomas Sloan, Kreig, Keller, Sloan, Reilly & Roman, San Francisco, CA, for William Cody Kelly Trust, William Cody Kelly (deceased), Karen Lucille Kelly, and Patrick L. Kelly, for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

### BACKGROUND

This is the next chapter in the protracted litigation involving the recovery of attorney's fees on behalf of Daniel R. Walsh (hereinafter "Walsh") for work he did representing William Cody Kelly (hereinafter "Kelly") in the 1980s in Kelly's quest to secure building permits for land near Lake Tahoe.

On February 22, 2000, defendants made an offer of judgment to plaintiff in the amount of $300,000. Plaintiff did not accept this offer, and the case went to trial. Plaintiff prevailed at trial, and was awarded $66,992 for his attorney's fees, and $58,150.48 in prejudgment interest for a total of $125,142.48. This sum was less than the offer of judgment, therefore, defendants filed a motion (# 222) for fees and costs pursuant to Fed. R.Civ.P. 68, Nev.R.Civ.P. 68 and NRS 17.115. Those rules and statute allow certain types of compensation for defendants whose offers of judgment were rejected. Plaintiff opposed (# 231), and defendants replied (# 235).

### ANALYSIS

*Jurisdictional Challenge*

■ Walsh argues that this court lacks jurisdiction to consider the motion for costs and fees because he appealed the case on September 11, 200. Walsh argues that the filing of an appeal divests the district court of any jurisdiction over the case.

We do not agree with Walsh's reasoning. The Ninth Circuit has held that filing a notice of appeal does not divest the district court of its jurisdiction to rule on a motion for attorney's fees. *Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955 (9th Cir.1983). A motion for fees and costs is similar to a motion for attorney's fees. The motion before

the court is also ancillary to the case, that is, it involves issues that are separate from the matters currently under consideration by the Ninth Circuit. Contrary to Walsh's argument, we find that Fed.R.Civ.P. 58 and Fed. R.App.P. 4(a)(4)(A) are not applicable in this case.

■ Walsh also argues that defendant's motion was untimely because it was filed more than the ten days after the entry of judgment pursuant to LR 54–1. In response, defendants point out that LR 54–1 only applies to a motion made by a prevailing party, and that Fed.R.Civ.P. 6(a) provides that if the time allotted is less than 11 days, weekends and legal holidays are not counted in the computation. Based on this, we agree that defendant's motion was timely filed.

We therefore conclude that we have jurisdiction to consider the merits of this matter.[1]

*Diversity Jurisdiction*

In a diversity case such as this, the determination of the amount of attorney's fees, expert witness fees, and costs involves an application of the doctrine of *Erie R.R. Co. v. Tompkins* to offer of judgment rules 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The first step in an *Erie* analysis is to determine whether the law involved is procedural or substantive. If the law is procedural, the federal law will apply, if substantive, the court will apply the law of the forum state.

A difficulty arises when a federal procedural rule and a state substantive rule conflict. In *Hanna v. Plumer* the United States Supreme Court stated that when the federal rule is "sufficiently broad to control an issue the court should apply the federal rule even though it conflicts with the substantive state law." 380 U.S. 460 471–72, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

■ Statutes allowing for recovery of attorney's fees are considered substantive for Erie purposes. *McMahan v. Toto,* 256 F.3d 1120, 1132 (11th Cir.2001). Therefore, they will be applied in diversity cases unless they conflict with a valid federal statute or procedural rule. See *Alyeska Pipeline Serv. Co. v.*

1. *But see* our discussion *infra,* regarding the award of prejudgment interest.

*Wilderness Society,* 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (holding that as long as state law "does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state should be followed.")

The analysis of whether laws conflicts involves interpretation of the phrase "direct collision," first articulated in *Hanna.* In *Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) the Supreme Court clarified the meaning of "direct collision." In *Stewart,* the Supreme Court stated that "the 'direct collision' language ... expresses the requirement that the federal statute be sufficiently broad to cover the point in dispute." 487 U.S. at 26–27, 108 S.Ct. 2239.

With this analytical background in place we turn to the specific circumstances of this case.

Defendants made their offer of judgment pursuant to Fed.R.Civ.P. 68, Nev.R.Civ.P. 68, and NRS 17.115.

Nevada Rule of Civil Procedure 68 provides in part as follows:

> If the offeree rejects an offer and fails to obtain a more favorable judgment, ... (2) the offeree shall pay the offeror's post-offer costs applicable interest on the judgment from the time of the offer to the time of entry of the judgment, and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer.

Federal Rule of Civil Procedure 68 provides in part as follows:

> If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after he making of the offer.

The Nevada law allow recovery of costs and attorney's fees in cases where offers of judgment are not accepted, but the ultimate recovery is less than the offer. The federal rule only allows the recovery of costs in these instances.

*Which Applies: Fed.R.Civ.P. 68 or Nev. R.Civ.P. 68?*

The first question we are faced with is whether to apply Fed.R.Civ.P. 68 or Nev. R.Civ.P. 68. At first glance this question appears simple, as Fed.R.Civ.P. 68 is a procedural rule, and Nev.R.Civ.P. 68 appears to be procedural as well. *See Matthews v. Collman,* 110 Nev. 940, 878 P.2d 971, 978 (1994) (stating that the purpose of Nev.R.Civ.P 68 is to facilitate and encourage settlement, by shifting the risk of loss onto the party who fails to accept an offer).

However, in *MRO Comm. v. American Tel. & Tel. Co.,* the Ninth Circuit held that if the state rule awards attorney's fees for failure to accept offer of judgment, that rule should control in a diversity case in the federal court. 197 F.3d 1276, 1280–81 (9th Cir. 1999). This would appear to indicate that Nev.R.Civ.P. 68 applies, and that defendants may receive attorney's fees.

We hold that *MRO* does not control in this case. *MRO* involved the situation where the *defendant* received a judgment in the case. Therefore, Fed.R.Civ.P. 68 did not apply at all, because that rule governs when a *plaintiff* receives a judgment that is less than the offer made by the defendant. Because the federal rule was inapplicable in *MRO,* the Ninth Circuit did not have a conflict applying Nev.R.Civ.P. 68, and awarding attorney's fees.

In our case, the plaintiff received a judgment which was less than the offer of judgment made by the defendants. Therefore, Fed.R.Civ.P. 68 is directly applicable.

The First Circuit was confronted with a situation very similar to the one at hand in *Gil de Rebollo v. Miami Heat Assoc.,* 137 F.3d 56 (1st Cir.1998). In that case the court held that Puerto Rico Rule 35.1 and Fed. R.Civ.P. 68 were in conflict, even though they were not "perfectly coextensive" because Fed.R.Civ.P. 68 was "sufficiently broad to cover the point in dispute." *Id.* at 66–68 citing *Stewart,* 487 U.S. at 26–27, 108 S.Ct. 2239; *Burlington Northern R.R. Co. v. Woods,* 480 U.S. 1, 4–5, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987). Puerto Rico Rule 35.1 allowed the recovery of costs, expenses and

attorney's fees incurred after making of the unaccepted offer. *See also Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 311 (7th Cir.1995) (stating that although the Wisconsin rule and the Federal rule did not conflict, "the situation would be different if the case involved defendant's offer of settlement because then we would have a state rule and a federal rule covering the identical issue").

In this case, application of the Nevada,Rule would conflict with Supreme Court precedent, which states that federal procedural rules apply, and state substantive rules apply only if there is no conflict with a valid federal statute or rule, a conflict occurs when the federal rule is sufficiently broad to cover the point in question. *Nicolaus v. West Side Transport, Inc.*, 185 F.R.D. 608 (D.Nev.1999) (holding that Nev.R.Civ.P. 68 was in conflict with Fed.R.Civ.P. 68 because the federal rule did not allow recovery of attorneys' fees).

We therefore hold that Fed.R.Civ.P. 68 applies. Defendants may only recover costs, unless a substantive state law provides for an award of attorney's fees.[2]

*Does NRS 17.115 apply?*

The next question is whether defendants are entitled to attorneys' fees under NRS 17.115. Our determination of whether NRS 17.115 applies involves a deciding whether that statute is in conflict with Fed.R.Civ.P. 68.

NRS 17.115 provides in part as follows:

4. Except as otherwise provided in the section, if a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court ... (d) may order the party to pay to the party who made the offer any or all of the following: (1) a reasonable sum to cover any costs.... (2) Any applicable interest on the judgment ... (3) Reasonable attorney's fees incurred by the party who made the offer ... from the date of service of the offer to the date of entry of the judgment.

The Ninth Circuit has held that in a diversity case, Nevada state law controls on the question of attorney's fees. *Bevard v. Farmers Insurance Exchange*, 127 F.3d 1147, 1148 (9th Cir.1997). Therefore, it would appear that defendants would be entitled to attorney's fees based on NRS 17.115. *See McMahan*, 256 F.3d at 1132 (statutes allowing recovery of attorney's fees are substantive for purposes of Erie analysis).

This case before us presents the rare example when a state substantive law governing an award of attorney's fees comes into conflict with a federal statute or procedural rule. Having concluded that Fed.R.Civ.P. 68 is "sufficiently broad to cover the point in dispute," namely offer of judgment rules, we find that it controls, and that defendants are not entitled to attorney's fees. *Hanna v. Plumer*, 380 U.S. 460 471–72, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Because it deals with offers of judgment, NRS 17.115 deals with the same matter as Fed.R.Civ.P. 68. Further, because it awards attorney's fees NRS 17.115 is in conflict with Fed.R.Civ.P. which only provides for recovery of costs.

As stated in *Alyeska Pipeline*, state law awarding attorney's fees usually "does not run counter to a valid federal statute or rule of court." 421 U.S. at 259 n. 31, 95 S.Ct. 1612. (emphasis added). Typically, statutes that award attorney's fees do so for reasons not covered in the federal rules or statutes, such as the statute in *Bevard*. 127 F.3d at 1148–49. In *Bevard*, the plaintiff declined an offer of judgment, and at trial recovered less than the offer. She thereafter requested attorney's fees pursuant to NRS 18.010. That statute allows an award of attorney's fees in certain situations, such as in her case when the ultimate recovery is less than $20,000. However, the statute in *Bevard* did not have any counterpart in the federal law.

Therefore, even though Nevada state law governs the award of attorney's fees, there is no statute that applies in this case which is not in conflict with a federal law.[3] NRS

2. It is possible that defendants could recover attorney's fees even if Fed.R.Civ.P. 68 applied. However, that possibility exists only when an applicable federal statute allows for the award. In this case there is no federal statute that would apply. Therefore, defendants cannot recover attorney's fees based on federal law.

3. Like the analysis of Fed.R.Civ.P. 68, *supra*, we note that attorney's fees could be awarded if the

17.115 will not allow defendants to recover attorney's fees.

Because Fed.R.Civ.P. 68 applies, defendants may not recover attorney's fees based on their rejected offer of judgment.

*Expert Witness Fees*

Federal law allows recovery of $40 per day per expert. 18 U.S.C. § 1821(b); *Aceves v. Allstate Insurance Co.,* 68 F.3d 1160 (9th Cir.1995). In *Aceves,* the court held that the issue of expert witness fees is an issue of trial procedure, and that federal law controls. 68 F.3d at 1167. Therefore, pursuant to the federal rules, defendants are entitled to $240, to compensate the two experts for their testimony and their traveling expenses.

*Additional Costs*

 Both the federal and state law are in agreement that the defendant should receive costs from the date of the rejected offer. Defendant argues that costs should be awarded from the start of the case, pursuant to state law, because plaintiff had plenty of chances to settle, and refused to do so. However, once again, the federal rule is clear that costs are awarded from the date of offer of judgment. Any state law which is in conflict with this, such as a law that awards more costs, will not apply.

Upon review by the court, defendant's costs appear reasonable and well documented. Defendants may collect costs from the date of offer of judgment, February 22, 2001 in the amount of $6,658.90.

*Prejudgment Interest*

Defendants argue that Walsh is not entitled to prejudgment interest from the date of offer of judgment until the date of judgment in the case. Nevada law applies to determine the prejudgment interest. Defendant's offer of judgment was made pursuant to NRS 17.115 which states that if an offer of judgment is not accepted the court may not award "to the party any interest on the judgment for the period from the date of service of the offer to the date of entry of the judgment."

Defendant's point is well taken, however, we note that the award of prejudgment interest is included in our judgment that was appealed to the Ninth Circuit. Therefore, as argued above by Walsh, we lack jurisdiction to consider this claim.

***IT IS, THEREFORE, HEREBY ORDERED THAT,*** defendant's motion to recover fees and costs (# 222) is ***DENIED*** as to attorney's fees.

***IT IS, THEREFORE, HEREBY FURTHER ORDERED THAT,*** defendants motion to recover fees and costs (# 222) is ***GRANTED*** as to costs from the date of the offer of judgment, in the amount of $6,658.90.

***IT IS, THEREFORE, HEREBY FURTHER ORDERED THAT,*** defendants motion to recover fees and costs (# 222) is ***GRANTED*** as to expert witness fees as costs in the amount of $240.

***IT IS, THEREFORE, HEREBY FURTHER ORDERED THAT,*** defendant's motion to recover fees and costs (# 222) is ***DENIED*** as to the reduction of plaintiffs award of pre-judgment interest.

---

statute that gave rise to the cause of action in this case permitted recovery. The underlying cause of action in this case was for recovery of attorney's fees based on past work. There is no provision in that cause of action for defendants to recover their attorney's fees.