Saed M. HASAN, Plaintiff–Appellee,

. v.

CONTRA COSTA COUNTY, a municipal corporation; Clifford Hansen, Deputy Director of Public Works, in his individual and official capacities, Defendants–Appellants.

No. 01–15109, 01–15448.
D.C. No. CV–99–00084–WHO/EDL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2002.

Decided Sept. 6, 2002.

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM **

Silverman, Circuit Judge, filed opinion concurring in the result.

Contra Costa County ("the County") appeals the district court's award of attor-

* The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ney's fees to Saed Hasan ("Hasan") after a favorable jury verdict on Hasan's employment discrimination claim. The County argues that the Rule 68 bar on collection of "costs" after a qualifying settlement offer also bars post-offer attorney's fees under California law. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■ The County argues that Cal.Civ. Proc.Code § 1033.5(c)(5) alters the meaning of Cal. Gov.Code § 12965(b) for Rule 68 purposes, requiring that attorney's fees be considered a component of costs. This argument was not made to the district court and absent exceptional circumstances, we do not consider an issue not so raised. *See United States v. Oregon*, 769 F.2d 1410, 1414 (9th Cir.1985). The County argues that waiver should not apply because it raised Hasan's entitlement to post-offer fees generally, and merely refines its attack on appeal with citation to section 1033.5(c)(5). Its citations on this point are distinguishable. *Yee v. City of Escondido*, 503 U.S. 519, 533–34, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992), and *Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 379, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995), concern waiver in the context of 28 U.S.C. § 1257 certiorari jurisdiction, and are inapplicable. In *Puerta v. United States*, 121 F.3d 1338, 1341–42 (9th Cir. 1997), this court found that waiver did not apply to a claim explicitly raised below, but without citation to relevant legislative history. Here, the County does not simply "elaborate[ ] more articulately" a section 1033.5(c)(5) argument raised in district court-it makes it for the first time. *Id.* Accordingly, we consider the section 1033.5(c)(5) issue waived.

■ Even if we were to address the County's argument, we are not persuaded that section 1033.5(c)(5) rewrites the whole of California law with respect to Rule 68 fee awards. *Marek v. Chesny*, 473 U.S. 1,

9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), requires district courts to analyze the substantive statute underlying a plaintiff's claim to determine whether fees should be considered part of costs. Section 12965(b) clearly provides attorney's fees separately from costs. Further, the California Supreme Court has recognized that the award of attorney's fees to civil rights plaintiffs are important to the remedial scheme of the Fair Employment and Housing Act ("FEHA"), *see Flannery v. Prentice*, 26 Cal.4th 572, 582–83, 110 Cal. Rptr.2d 809, 28 P.3d 860 (Cal.2001) ("[I]f § 12965 awards were doubtful in California courts, this would effectively defeat the policy of keeping the California law as an effective remedy against [ ] discrimination").

We do not believe that a procedural rule aimed at clarifying the mechanisms for recovering fees and costs in California courts should be read to undermine the public policies underlying FEHA remedies simply because a FEHA plaintiff has litigated in federal court. *See Santisas v. Goodwin*, 17 Cal.4th 599 618, 71 Cal. Rptr.2d 830, 951 P.2d 399 (1998) (("As is evident from its substance, [section 1033.5(c)(5) ] is procedural, its purpose being to specify *methods* by which a court may fix the amount of attorney's fees claimed as costs.") (emphasis in original)). *Cf. Berkla v. Corel Corp.*, No. 00–15166, 2002 WL 1772649, at *7 (9th Cir. Aug.2, 2002) (fees allowable as costs under Cal. Civ.Code § 1717 because section 1033.5(c)(5) specifically identifies section 1717).

Like federal law, *see Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 517–18 (9th Cir.2000), California law commits the determination of reasonable attorneys' fees to the discretion of the trial courts. *See PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095, 95

Cal.Rptr.2d 198, 997 P.2d 511 (2000) (recognizing that the "experienced trial judge is the best judge of the value of professional services rendered in his court"). Consistent with the recognition of that discretion, a trial judge's fee award, under California law as under federal law, *see Passantino,* 212 F.3d at 517–18, " 'will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " *PLCM Group,* 22 Cal.4th at 1095, 95 Cal. Rptr.2d 198, 997 P.2d 511 (quoting *Serrano v. Priest,* 20 Cal.3d 25, 49, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977)). Here, the trial court observed both parties over the course of the litigation, and specifically found that much of Hasan's fee award could be attributed to the tactics of the County. The district court correctly applied the relevant law and was well within its discretion in determining both Hasan's entitlement to the attorney's fees and the amount ultimately awarded.

**AFFIRMED.**

SILVERMAN, Circuit Judge, concurring.

I concur in the result. Defendants' offer of judgment dated February 29, 2000 did not clearly and unconditionally offer plaintiff his attorneys fees. Although the defendants offered to stipulate that plaintiff "shall be considered a 'prevailing party' solely for the purpose of *filing* an attorney fee application or motion," they specifically reserved the right to assert *"any other objections* they may have to plaintiff's attorneys fee application/motion or any part thereof." This was not an unconditional offer of plaintiff's entitlement to attorneys fees. *See Herrington v. County of Sonoma,* 12 F.3d 901, 907 (9th Cir.1993).

Defendants' offer of judgment dated May 17, 2000 ("in the total amount of $200,000, inclusive of costs and reasonable attorneys fees, *as determined by the court,*

incurred to the date of this offer") was ambiguous. Was it a flat offer of $200,000? Or were costs and reasonable attorneys fees to be "determined by the court"? An offer of judgment under Rule 68 must be clear and unambiguous. *Nusom v. COMH Woodburn, Inc.,* 122 F.3d 830, 833 (9th Cir.1997). This offer was neither.