
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDEPENDENT ELECTRIC SUPPLY, INC., <br><br>           Plaintiff - Appellee, <br><br>  v. <br><br> STRONGHOLD ENGINEERING, INC., a California corporation, <br><br>           Defendant - Appellant. | No. 13-56062 <br><br> D.C. No. 2:12-cv-06532-PA-RZ <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 3, 2015[**]
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and FOOTE, District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Defendant-appellant Stronghold Engineering, Inc. appeals the district court's award of attorney's fees to plaintiff-appellee Independent Electric Supply, Inc. ("IES"), following IES's acceptance of a Federal Rule of Civil Procedure 68 offer of judgment. The offer allowed entry of judgment against Stronghold in the amount of "$50,000 plus all court costs and reasonable attorney fees (as determined by the Court) . . . ." Upon IES's acceptance, the district court entered judgment in accordance with Stronghold's offer of judgment. IES then moved the district court to set reasonable attorney's fees. Stronghold thereafter objected to IES's motion for attorney's fees, contending that IES was not entitled to attorney's fees for six of its seven claims as a matter of law. The district court ultimately awarded IES the entire amount it sought in fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo issues involving the interpretation of Rule 68 offers of judgment. See Erdman v. Cochise Cnty., Ariz., 926 F.2d 877, 879 (9th Cir. 1991). We affirm the district court's award.

We conclude that Stronghold's offer of judgment was unambiguous and plainly allowed for the entry of reasonable attorney's fees. Indeed, the offer's language specified that the only question left to be resolved was the reasonableness of a fee award, not the existence of such an award. Stronghold contends that the language of the offer did not compel a fee award, but rather reserved to it the right

to oppose IES's claim for any award. We disagree, concluding that the language was clear on its face and entitled IES to attorney's fees. In any event, had the language been ambiguous, that ambiguity would be construed against Stronghold, as "defendants are the master of what their Rule 68 offers offer." Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833 (9th Cir. 1997). The language drafted by Stronghold permitted it to challenge only the reasonableness of the fees sought by IES -- a challenge Stronghold chose not to pursue.

**AFFIRMED**.