**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON EARLY, as Guardian Ad Litem for S.E., | No. 18-17148 |
| Plaintiff, | D.C. No. 2:16-cv-00740-JAM-DB |
| and | |
| SARAH EARLY, | MEMORANDUM* |
| Plaintiff-Appellant, | |
| v. | |
| KEYSTONE RESTAURANT GROUP, LLC, | |
| Defendant-Appellee, | |
| and | |
| SONIC INDUSTRIES, LLC; et al., | |
| Defendants. | |

| | |
|---|---|
| JASON EARLY, as Guardian Ad Litem for S.E., | No. 19-15463 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3

|  | D.C. No. |
|---|---|

Plaintiff,

and

SARAH EARLY,

Plaintiff-Appellee,

v.

KEYSTONE RESTAURANT GROUP, LLC,

Defendant-Appellant,

and

SONIC INDUSTRIES, LLC; et al.,

Defendants.

D.C. No.
2:16-cv-00740-JAM-DB

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 23, 2020[**]
San Francisco, California

Before: GOULD, CHRISTEN, and BRESS, Circuit Judges.

Plaintiff Jason Early, on behalf of his daughter, Sarah Early, appeals a

number of trial-related rulings. Early and Defendants Keystone Restaurant Group,

---

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

LLC and Sonic Industries, LLC, cross-appeal the district court's fee and cost awards. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part. Because the parties are familiar with the facts and procedural history of this case, we recite them only as necessary to resolve the issues on appeal.

1. Early appeals several of the district court's evidentiary rulings that excluded: (1) "Me Too" testimony from another employee allegedly harassed by Sirenio Gonzalez; (2) certain testimony on hearsay grounds; and (3) evidence of Gonzalez's prior write-ups. The district court did not abuse its discretion by excluding the "Me Too" testimony because it had previously concluded that Early proved a hostile work environment as a matter of law and Keystone did not dispute that Gonzalez had harassed Sarah Early. The district court did not abuse its discretion by excluding the hearsay testimony, which was either offered to prove the truth of the matter asserted or cumulative of other admissible testimony. The district court did not abuse its discretion by excluding Gonzalez's previous write-ups because Gonzalez, a supervisor, and Sarah Early, an entry-level employee, were not similarly situated. *See Vasquez v. Cty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003).

2. The district court did not err by dismissing Early's request for punitive damages pursuant to Federal Rule of Civil Procedure 50(a). Because the jury found for Keystone on all of Early's federal claims, Early suffered no prejudice from any potential error in not allowing the jury to consider the prayer for punitive damages premised on 42 U.S.C. § 1981a. California law requires "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice" for a plaintiff to be entitled to seek punitive damages. Cal. Civ. Code § 3294(a). Early asserts that there was clear and convincing evidence that Keystone acted with malice or oppression, but fails to identify which evidence would have been sufficient for the jury to award punitive damages on the state-law claims. There was no evidence that Keystone had any prior knowledge of Gonzalez's misconduct, and Keystone investigated, suspended, and terminated Gonzalez after learning of the harassment.

3. The district court erred by dismissing Early's claim for wrongful termination in violation of public policy premised on a retaliation theory. At the close of plaintiff's case, Keystone moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on two of Early's three theories of wrongful termination. The district court erred by dismissing the third theory as duplicative without providing Early a meaningful opportunity to respond. *See*

4

*Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 927–28 (9th Cir. 2007). Deeming a claim redundant or unnecessary is not a proper ground for dismissal, so long as the evidence introduced at trial supports the claim. *See id.* 926 (explaining Rule 50(a) allows dismissal of claims "when there is not 'legally sufficient evidentiary basis' to support a particular outcome.").[1] Early's claim for wrongful termination in violation of public policy had a legally sufficient evidentiary basis, it was not redundant, and dismissal was not harmless.

Early presented three retaliation-based claims: Title VII retaliation, Fair Employment and Housing Act (FEHA) retaliation, and wrongful termination in violation of public policy premised on retaliation. The jury instructions for each claim required proof of retaliation as an element, but each presented a different basis supporting that theory of retaliation. The district court erred by dismissing Early's claim for wrongful termination in violation of public policy premised on retaliation because the jury could have found that Keystone terminated Sarah Early in retaliation for her complaints of sexual harassment, despite having found that she was not terminated in retaliation for both her participation in Keystone's investigation *and* her allegations of sexual assault, as required by her FEHA claim.

---

[1] The district court did not invoke Rule 12(f), which applies only to motions to strike pleadings. *See* Fed. R. Civ. P. 12(f). This case was well beyond the pleading stage, and Rule 50 provided the proper standard.

Thus, the FEHA claim and wrongful termination claim were not duplicative and the jury should have been allowed to consider Early's third theory.[2]

The dissent suggests that the issue regarding dismissal of the claim for wrongful termination in violation of public policy was waived in the district court, but the district court transcript shows otherwise. When Early's counsel identified the availability of attorneys' fees as the difference between the FEHA retaliation claim and the claim for wrongful termination in violation of public policy, she was responding to a specific question asked by the district court: "Explain to me the difference *in terms of damages*." (emphasis added). As for the contention that counsel conceded it would be inconsistent for the jury to find that Sarah Early was retaliated against and *not* find that she was wrongfully terminated because the two claims were "tied together," counsel's statement was entirely correct. It would have been inconsistent for the jury to find that Keystone retaliated against Sarah Early for purposes of the FEHA claim, but not find for her on the wrongful termination claim. But because each claim was supported by a different theory of

---

[2] The dissent relies on *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082 (9th Cir. 2012), for the proposition that courts have broad discretion to control their own dockets, but that case does not support the district court's ruling. It merely affirmed dismissal of a redundant claim where a plaintiff filed two separate cases involving the same parties, in the same court, with overlapping claims. *Id.* at 1091. Notably, one of the complaints in *Lafayette* was allowed to proceed on the merits.

6

retaliation, this statement did not preclude a finding for Early on the wrongful termination claim even if she did not succeed on the FEHA claim.

4.     The district court did not err by instructing the jury not to use the court's prior finding that Early proved a hostile work environment to assess Early's state and federal sex discrimination claims.  The jury instruction, when considered in the context of the full jury charge, *see Jenkins v. Whittaker Corp.*, 785 F.2d 720, 730 (9th Cir. 1986), did not prevent the jury from finding in Early's favor on the sex discrimination claims premised on sexual harassment as a form of sex discrimination.  Early did not advance that theory of discrimination, but instead proceeded on a disparate treatment discrimination theory only.

5.     The district court erred by awarding attorneys' fees and costs to Sonic. Courts may award fees to a prevailing Title VII or FEHA defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation," and may not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978); *see also Bond v. Pulsar Video Prods.*, 57 Cal. Rptr. 2d 917, 918–19 (Ct. App. 1996).  The district court did not make any such findings or explain the basis for its award to Sonic, nor does the record reveal a reasonable

7

basis for concluding that Early's claims against Sonic were frivolous, groundless, unreasonable, or vexatious. *See Patton v. Cty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988). Thus, we vacate and remand the order granting Sonic fees and costs. *See EEOC v. Bruno's Rest.*, 13 F.3d 285, 288 (9th Cir. 1993).

6.    Because we conclude that the district court erred by dismissing Early's claim for wrongful termination in violation of public policy, we do not consider the district court's other cost and fee awards. *See Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 590 (9th Cir. 2000) (en banc) (declining to issue an advisory opinion on an issue the panel did not consider). We vacate those awards and remand for further proceedings consistent with this disposition.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED,** with the parties to bear their own costs on appeal.

*Early v. Keystone Rest. Grp., LLC*, No. 18-17148, 19-15463

BRESS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court did not err in its evidentiary rulings or refusal to give a requested jury instruction, that punitive damages were properly disallowed, and that there is not a sufficient record on which to uphold the district court's award of attorneys' fees to Sonic. I respectfully part ways with the majority, however, in its determination that the district court erred in dismissing as duplicative Early's claim for wrongful termination in violation of public policy. In my view, that is not a sound basis on which to vacate the judgment, which resulted from a four-day trial and two and a half years of proceedings in the district court.

I

Prior to sending the case to the jury, the district court dismissed Early's claim for wrongful termination in violation of public policy on the ground that it was duplicative of her retaliation claim under California's Fair Employment and Housing Act (FEHA), and therefore "clearly likely to confuse the jury." While the majority suggests a district court can never dismiss a claim as redundant, "[i]t is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (holding that district court did not abuse its discretion in dismissing a duplicative claim also filed in another action before the

same court); *see also* Fed. R. Civ. P. 12(f).  The real issue, as the majority later indicates, is whether the two claims here were, in fact, duplicative of each other.

The majority holds they were not duplicative on the theory that "[t]he jury instructions for each claim . . . presented a different basis supporting [each] theory of retaliation."  This is not an argument Early advanced in this court; her briefing devoted limited attention to this entire assignment of error.  Indeed, while the majority's decision turns on language in the proposed jury instructions for the wrongful termination in violation of public policy claim, those proposed jury instructions were not even included in the appellate excerpts of record.

The district court's dismissal of Early's claim for wrongful termination in violation of public policy is also understandable considering that Early's counsel conceded in the district court that this claim was duplicative of the FEHA retaliation claim.  The only difference that Early's counsel identified between the claims was that the latter allowed recovery of attorneys' fees.  And whereas the majority concludes that Early could have prevailed on her claim for wrongful termination in violation of public policy even if she did not prevail on her FEHA retaliation claim, Early's counsel conceded the opposite: "THE COURT: She can't recover -- under your theory, she can't recover under wrongful termination unless you prove retaliation.  [COUNSEL FOR EARLY]: Correct."  In fact, Early's counsel effectively admitted that if the jury resolved the two claims differently, it would

2

amount to an inconsistent verdict:

> THE COURT: So you have to prove your retaliation claim. In other words, it would be an inconsistent verdict for the jury -- if I let this go forward -- inconsistent for the jury to find that she was retaliated against and not find that it was a wrongful termination in violation of public policy; in other words, you are tying the two claims together.
>
> [COUNSEL FOR EARLY]: They are tied together. They actually are.
>
> THE COURT: I'm glad I got you to admit that . . . .

I also do not think the majority is correct that the district court committed a procedural error by not "providing Early a meaningful opportunity to respond" on this issue. The district court held a hearing at which Early was given ample opportunity to argue. At no time did she request more briefing or argument.

Finally, the slight difference that the majority perceives in the jury instructions for the two claims at issue is not material under the circumstances of this case. Early's participation in the investigation and her complaints about sexual harassment coincided in one interview. I thus do not believe the record supports the majority's conclusion that "each claim was supported by a different theory of retaliation." The majority's suggestion that Early could have been terminated only due to her complaints, but not her participation in the investigation, is therefore unpersuasive.

I thus respectfully dissent on this issue.

3

## II

The majority's decision to reverse the judgment requires it to vacate the district court's award of fees and costs to Early. Keystone had cross-appealed on that issue. Although the majority has no occasion to reach this cross-appeal, I would need to reach it given my view that the judgment should be affirmed. Here, I believe the district court erred, albeit understandably, in awarding Early those attorneys' fees incurred after she rejected Keystone's second offer of judgment.

Early rejected Keystone's second settlement offer ($75,000, exclusive of attorneys' fees) and won a less favorable judgment at trial ($50,000). Under Federal Rule of Civil Procedure 68, which applies here, *see MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1279 (9th Cir. 1999), "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Under this rule, "[a] plaintiff that rejects a Rule 68 offer in excess of the judgment ultimately obtained at trial must bear its own and the defendant's post-offer costs." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1026 (9th Cir. 2003).

Early only prevailed under FEHA. If this state law treats attorneys' fees as part of costs, they are treated as "costs" subject to Rule 68. *Marek v. Chesny*, 473 U.S. 1, 9 (1985); *Champion Produce*, 342 F.3d at 1028. FEHA provides that a court may award the prevailing party "reasonable attorney's fees and costs." Cal. Gov't

4

Code § 12965(b). But California law also provides that if a statute "refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded." Cal. Civ. Proc. Code § 1033.5(c)(5)(A).

The California Supreme Court has explained how these provisions work in combination: "Code of Civil Procedure section 1033.5 defines which costs are allowable and which are not" and "explains, rather than contradicts, Government Code section 12965." *Davis v. KGO-T.V., Inc.*, 950 P.2d 567, 572 (Cal. 1998).[1] Accordingly, attorneys' fees under FEHA are a "component of the costs," Cal. Civ. Proc. Code § 1033.5(c)(5)(A), and subject to Rule 68. *Champion Produce*, 342 F.3d at 1028; *see also Steele v. Nibco, Inc.*, 2002 WL 1316191, at *8–12 (Cal. Ct. App. 2002) (applying this reasoning to California Code of Civil Procedure § 998, the state analogue to Rule 68).

The district court held otherwise based on an unpublished decision in which we said that FEHA attorneys' fees are not subject to Rule 68 because FEHA "clearly provides attorney's fees separately from costs." *Hasan v. Contra Costa Cty.*, 45 F. App'x 795, 796 (9th Cir. 2002). But this portion of *Hasan* was dicta and did not address the issue in detail. *See id.* I also believe, for the reasons stated above,

---

[1] *Williams v. Chino Valley Independent Fire District*, 347 P.3d 976 (Cal. 2015), did not alter this. *Williams* explicitly noted that it did not disturb *Davis*'s holding that "the definition of allowable costs in Code of Civil Procedure section 1033.5 governs the *type* of costs that may be awarded under Government Code section 12965(b)." *Id.* at 982 (emphasis in original).

that *Hasan*'s interpretation of California law is not correct.

Accordingly, I would have remanded this case to the district court for a redetermination of Early's fee award; she is only entitled to fees incurred prior to the second offer of judgment. In all other respects, Keystone's cross-appeal is without merit, as is Early's appeal of a cost award to Keystone.