799 So.2d 608 (2001)
Douglas BUSBY and Lara Busby
v.
CAPPAERT MANUFACTURED HOUSING, INC.
No. 01-496.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
Gerard O. Salassi, IV, Newman, Mathis, Brady, Wakefield & Spedale, Metairie, LA, Counsel for Defendant, First Merit Bank.
Walter K. Jamison, III, Marjorie B. Breaux, Attorneys at Law, Lafayette, LA, Counsel for Defendant/Appellant, Cappaert Manufactured Housing, Inc.
Fred A. Pharis, Pharis Law Offices, Alexandria, LA, Counsel for Plaintiffs/Appellees, Douglas and Lara Busby.
Court composed of NED E. DOUCET, Jr., Chief Judge, OSWALD. A. DECUIR, and MARC T. AMY, Judges.
DOUCET, Chief Judge.
Defendant, Cappaert Manufactured Housing, Inc. (hereinafter Cappaert), appeals a judgment of the trial court overruling Defendant's exception of prematurity filed in response to a suit for redhibition and damages filed by Plaintiffs, Douglas and Lara Busby, in connection with the sale of a mobile home to Plaintiffs by Defendant. We affirm the judgment of the trial court.

*609 FACTS
Plaintiffs purchased a mobile or manufactured home from Ed's Mobile Homes, Inc. on October 21, 1997. The home was manufactured by Defendant, Cappaert, and was financed through First Merit Mortgage Corporation. In connection with the purchase Plaintiff, Douglas Busby, executed numerous documents including a purchase agreement, a number of collateral sales documents (receipt for delivery, delivery and setup expense agreement, flood insurance waiver, health notice concerning formaldehyde, property locator form, credit application, and others), a manufactured home retail installment contract, and a document entitled "ARBITRATION ADDENDUM." The latter document forms the linchpin of this suit.
Subsequently, Plaintiffs discovered many imperfections and alleged defects in the mobile home. Despite many contacts and attempts to repair, the Plaintiffs remained dissatisfied. Their continued problems and dissatisfaction lead to the filing of the instant suit for redhibition and damages. Defendants, Ed's Mobile Homes, Inc. and Cappaert Manufactured Housing, Inc., filed exceptions of prematurity claiming that in accordance with the "ARBITRATION ADDENDUM" Plaintiffs' sole remedy was in arbitration. The trial judge overruled the exception, and Cappaert was the sole Defendant to appeal.

LAW AND DISCUSSION
Defendants' exception of prematurity was based on the document entitled "ARBITRATION ADDENDUM." That document provides in pertinent part as follows:
Except as provided below, Buyer(s) and Seller/Assignee, their successors and assigns, hereby agree that this Arbitration Addendum shall become part of and applicable to all manufactured home loan documents, including but not limited to the retail installment contract and/or mortgage and/or promissory note (collectively "Loan" hereinafter); (1) that this Loan involves interstate commerce; (2) that arbitration is a less expensive method of dispute resolution that decreases servicing costs of this Loan, inuring to the benefit of Buyer(s); and (3) to resolve via binding arbitration all disputes, claims, or other matters in question arising out of or relating to this Loan, its interpretation, validity, performance, or the breach thereof. Subject to the express exceptions listed below, the scope of arbitrability is broad and includes, without limitations contractual, tort, statutory, and caselaw claims. Arbitration shall be by three arbitrators and shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. The arbitrators shall have full power to award all legal and equitable remedies, including, but not limited to, monetary damages, declaratory and injunctive relief. Judgment upon the arbitration award may be entered in any court having jurisdiction.
The parties agree that the following claims of Seller/Assignee are excluded from arbitrability under this arbitration addendum, and that Seller/Assignee retains the right to seek direct judicial relief through the courts (a) to enforce a security agreement and/or a lien relating to the manufactured home secured in the transaction underlying this Loan, (b) to enforce the monetary obligation pertaining to the Manufactured Home, (c) or to foreclose. The institution and maintenance of judicial proceedings to enforce the security agreement, to obtain a monetary judgment, or to foreclose up any collateral, shall not constitute a waiver of the right of any party to compel arbitration regarding any other *610 dispute or remedy subject to arbitration in this Loan, including any counterclaims in suits brought by Seller/Assignee pursuant to this provision.
La.Civ.Code art.2046 provides: "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." In Morin v. Foret, 98-120, p. 7 (La.App. 3 Cir. 4/14/99); 736 So.2d 279, 283, writ denied, 99-2022 (La.10/29/99); 748 So.2d 1165, this court explained as follows:
When the language of a contract is clear and unambiguous, a court must interpret the contract solely by reference to the four corners of the document. Woolf & Magee v. Hughes, 95-863 (La. App. 3 Cir. 12/6/95); 666 So.2d 1128, writ denied, 96-0073 (La.3/15/96); 669 So.2d 427. Whether or not the terms of a contract are ambiguous or not is a question of law, and appellate review of questions of law is simply to discern whether the trial court's interpretive decision is legally correct. McCrory v. Terminix Serv. Co., Inc., 609 So.2d 883 (La.App. 4 Cir.1992). Since the question of ambiguity in a contract is a matter of law, the correct standard for review would be that which is appropriate for review of legal error. See Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975) (providing for appellate de novo review of a trial court's legal error).
The document in question, the "ARBITRATION ADDENDUM," is clear and unambiguous. By its own terms it applies to "all manufactured home loan documents" and is to be used to resolve "all disputes, claims, or other matters in question arising out of or relating to this Loan, its interpretation, validity, performance, or the breach thereof" (emphasis added). There is nothing in the wording of the document which can be construed to make arbitration applicable to Plaintiffs' claims of redhibitory defects and damages. Accordingly, we find the trial court was correct in overruling Defendants' exception of prematurity and finding Plaintiffs' claims are not subject to binding arbitration.
For the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Appellant, Cappaert Manufactured Housing, Inc.
AFFIRMED.