NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-372

CHARLEY & DEBORA STEEN, ET AL.

VERSUS

SHORT TERM PROPERTIES, L.L.C.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20073326
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**AFFIRMED IN PART; REVERSED IN PART.**

Pickett, J., concurs in the result.

**J. Isaac Funderburk**
**Funderburk & Herpin**
**101 S. St. Charles Street**
**P.O. Drawer 1030**
**Abbeville, LA 70511-1030**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
        **Charley & Debora Steen, et al.**

**James P. Doherty, III**
**Frederick Law Firm**
**1025 Coolidge Blvd.**
**P.O. Box 52880**
**Lafayette, LA 70505**
**(337) 269-5143**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
        **Short Term Properties, L.L.C.**

**COOKS, Judge.**

In October of 2006, the Plaintiffs, Charley and Debora Steen, Zeke and Cindy Bossley, Billie and Rosemarie Hagle, and Abby James Broussard, entered into separate purchase agreements with Defendant, Short Term Properties, LLC, (Short Term) to purchase a four-plex condominium complex in Lafayette. Each of the four units was to cost $130,000.00. Each set of Plaintiffs paid a $1,300.00 deposit. Pursuant to the terms and conditions of the purchase agreements, Short Term was to complete the construction in a good and workmanlike manner. There was no expressed completion date in any of the contracts.

On November 9, 2006, Mrs. Steen sent an e-mail to Short Term on behalf of all Plaintiffs, confirming that she was correct in assuming the condominiums would be completed by the end of November 2006 or the beginning of December 2006. Short Term's agent, Damian Speiss, replied to the e-mail and stated "[y]ou are correct on completion date." However, the condominiums were not completed by that date.

On February 6, 2007, the Lafayette Consolidated Government's Planning, Zoning and Codes Department completed its final inspection and granted its final approval of the four units' construction. On February 12, 2007, Plaintiffs conducted a walk-through of the units with the builder and made a punch list of items for completion or repair.

On February 26, 2007, Defendant, through its agent, advised Plaintiffs it was prepared to proceed to closing and requested a closing date of March 6, 2007. On March 4, 2007, Plaintiffs conducted another walk-through of the units. That same day, the Steens sent a letter, via certified mail and e-mail, to Short Term withdrawing from the purchase agreement because the unit was not completed. On March 12, 2007, all other Plaintiffs sent a letter, via U.S. Mail and facsimile, declaring the

purchase contract null and demanding return of the each down payment, as well as penalties owed by Short Term as set forth in the contract.

On June 25, 2007, Plaintiffs filed suit, claiming breach of contract by Short Term. In turn, Short Term filed a reconventional demand, asserting breach of contract by the Plaintiffs for withdrawing from the purchase of the condominiums and failing to proceed to closing. Plaintiffs answered the reconventional demand and moved for summary judgment. Short Term filed a cross-motion for summary judgment. The motions were heard, and the court granted Plaintiffs' summary judgment motion and denied Short Term's motion, setting forth the following written reasons for judgment:

> The plaintiffs cited *Davis Gulf Coast vs. Anderson Exploration Co., Inc.*, [06-180 (La.App. 3 Cir. 5/31/06), 933 So.2d 227, *writs denied*, 06-2148, 06-2166 (La. 2/2/07), 948 So.2d 1076, 1077] in support of their motion for summary judgment. In that case, the court found that the letters exchanged between the parties constituted a novation of their agreement. Similarly, this court finds that the email notifications sent to the defendant on November 9, 2006 by the plaintiffs constituted a novation of their original agreement. This court finds that the defendant's [sic] breached the agreement by not having the condominiums completed as agreed upon by the end of November or early December. Accordingly, this court [grants] the plaintiffs' motion for summary judgment and [denies] the defendant's cross motion for summary judgment.

The judgment, along with granting Plaintiffs' motion for summary judgment, ordered Short Term to return each $1,300.00 deposit. Additionally, the trial court awarded each plaintiff contractual penalties of $1,300.00, as well as contractual attorney fees in the amount of $1,487.50. Charlie and Debora Steen were also awarded special damages in the amount of $623.50, Zeke and Cindy Bossley were awarded $225.50 in special damages, and Billie and Rosemary Hagle were awarded $225.00 in special damages. Short Term appealed the judgment.

**ANALYSIS**

Favored in Louisiana, the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La.Code Civ.P. art. 966(A)(2); *King v. Parish Nat'l Bank*, 04-337 (La. 10/19/04), 885 So.2d 540. An appellate court reviews a district court's decision granting summary judgment *de novo*, using the same standard applied by the trial court in deciding the motion for summary judgment. *Cyprien v. Bd. of Sup'rs ex rel. Univ. of La. Sys.*, 08-1067 (La.1/21/09), 5 So.3d 862. Under this standard, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Pursuant to that article, the burden of producing evidence at the hearing on the motion for summary judgment is on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial must come forth with evidence which demonstrates he or she will be able to meet the burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. *Cyprien*, 5 So.3d 862.

The record establishes the purchase agreements signed by Plaintiffs did not establish a specific time for completion. Louisiana Civil Code Article 1778 provides when time for performance is not specified, "the obligation must be performed within a reasonable time." Thus, if the original purchase agreements remained in effect, Short Term was required to complete the condominiums within a reasonable time. However, the trial court found the parties effected a novation to the original

agreement.  We agree.

This court in *Davis*, 933 So.2d at 231, discussed novation:

"Novation is the extinguishment of an existing obligation by the substitution of a new one." La.Civ.Code art. 1879.  Novation occurs when the parties agree to substitute a new cause for a pre-existing obligation or a substantially new performance for the one previously owed.  If a substantial part of the performance owed is unchanged, no novation occurs.  La.Civ.Code art. 1881.  "The intention to extinguish the original obligation must be clear and unequivocal.  Novation may not be presumed."  La.Civ.Code art. 1880.  Novation will not occur where there is a modification of an obligation unaccompanied by the intent to extinguish the original obligation.  La.Civ.Code art 1881.  "The execution of a new writing, the issuance or renewal of a negotiable instrument, or the giving of new securities for the performance of an existing obligation are examples of such a modification."  *Id*.  The trial court based its judgment on its interpretation of the letters.  This is a legal finding, and the standard of review for legal findings is *de novo*.  *Busby v. Cappaert Manufactured Housing, Inc.*, 01-496 (La.App. 3 Cir. 10/3/01), 799 So.2d 608.  The testimony adduced at the trial in this regard is inconclusive.  However, we need look no further than the four corners of the agreement to determine the intent of the parties.  "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."  La.Civ.Code art.2046.

In *Davis*, the parties agreed to participate in the benefits to be derived from development of certain oil, gas, and mineral leases by executing a "Participation Agreement," wherein the owner, Davis, agreed to transfer a working interest in the leases to the plaintiff.  The parties became involved in a dispute regarding compliance with certain terms and provisions of the Participation Agreement.  The parties agreed that a series of letters were exchanged in an attempt to work out the problems between the parties.  The plaintiff filed a petition for ownership against Davis, asking that Davis be ordered to transfer its working interest set forth in the Participation Agreement to the plaintiff.  Davis argued the letters exchanged between the parties constituted a novation of the Participation Agreement, and thus the plaintiff's interest in the well, if any had been earned, was forfeited by its failure to fulfill the requirements of the letter agreement.  The trial court found the letters did not

constitute a novation and ruled in favor of the plaintiff. Davis appealed. This court reversed the trial court, finding the letters constituted a novation in that it "provide[d] for a substitute performance and term," and "[t]hese changes in the parties' obligations . . . constitute[d] a novation under the law." *Id.* at 232.

The uncontroverted facts in this case show on November 9, 2006, Plaintiff, Debora Steen, sent an e-mail to Short Term on behalf of all Plaintiffs, asking if she was correct in assuming completion would occur by "end of the month [November, 2006] or early December." Damian Speiss, Short Terms' agent, replied to the e-mail and stated "[y]ou are correct on completion date." The original agreement obligated Short term to sell the property "upon completion." Short Term extinguished that obligation to sell "upon completion" set forth in the original agreements, by agreeing to sell near the end of November 2006 or early December 2006. This substitution was set forth in writing. Therefore, as this court held in *Davis*, the e-mail exchange substituted a new performance for that previously owed and thus constituted a novation under Louisiana law. Therefore, the trial court did not err in granting Plaintiffs motion for summary judgment and in denying Short Term's cross-motion for summary judgment.

### DAMAGES

Along with the return of each plaintiff's deposit, the trial court awarded each plaintiff contractual penalties of $1,300.00, as well as contractual attorney fees in the amount of $1,487.50. Charlie and Debora Steen were also awarded special damages in the amount of $623.50, Zeke and Cindy Bossley were awarded $225.50 in special damages, and Billie and Rosemary Hagle were awarded $225.00 in special damages. Short Term argues the trial court erred in making any award of special damages under the purchase agreement to any plaintiff. Short Term acknowledges the purchase

agreements contained a provision for recovery of attorney fees by the prevailing party "[s]hould either party institute legal proceedings to enforce the terms or conditions" of the agreement, and a provision granting the buyer "the right to demand the return of his/her deposit in full, plus an equal amount to be paid as a penalty by Seller." However, Short Term contends the purchase agreements do not refer to or contemplate expenses such as title research, document copies and mortgage certificates, which were the invoices introduced by plaintiffs to suppoprt its claim for special damages. We agree. The purchase agreements do not allow for the recovery of such special damages, and the trial court erred in making that award.

## DECREE

For the foregoing reasons, we reverse the trial court's award of special damages to the respective plaintiffs. In all other respects the trial court's judgment is affirmed. All costs of this appeal are assessed to appellant, Short Term Properties, L.L.C.

**AFFIRMED IN PART; REVERSED IN PART.**