J^LeBLANC, J.
This is an action to enforce a public records request made by CII Carbon, L.L.C., (CII) directed to the Louisiana Public Service Commission (LPSC) and its executive secretary, Lawrence C. St. Blanc, seeking production of documents alleged to be relevant to the pricing of electricity sold by CII to Entergy-Louisi-ana, Inc. (Entergy), a public utility regulated by the LPSC. The trial court ruled that the documents requested are public records and ordered Entergy to produce them for inspection and copying by CII. The trial court also denied CII’s request for attorney’s fees. The LPSC and Enter-gy appealed the judgment; CII answered the appeal regarding the denial of its request for attorney’s fees.
CII is an industrial manufacturer that generates electricity in a process known as “cogeneration”. CII is a “qualified facility” or “QF” under PURPA, the Public Utility Regulatory Policies Act, which act mandates that any electricity generated by a “QF” in excess of its own needs (i.e., that the “QF” does not sell into the wholesale market) shall be purchased by the public utility serving it, in this case, Entergy. The act also mandates the maximum amount to be paid by the utility for the electricity is its “avoided cost” (the costs it avoided by purchasing the power from CII rather than generating it itself or purchasing from a source other than a “QF”). See 16 U.S.C. §§ 824a-3 and 2601 et seq. The Federal Energy Regulatory Commission (FERC) promulgated regulations as directed by PURPA to implement its objectives. See 18 C.F.R. § 292, et seq.
The LPSC initially adopted Order No. U-14964, on November 24, 1982, modeled after the FERC regulations governing the sale of electricity from “QF’s” to electric utility companies. Thereafter, on February 27, 1998, the LPSC adopted Order No. U-22739, amending and superceding the previous order concerning the administrative determination of the “avoided cost”. Basically, these orders dictate that any electricity generated by a “QF” (CII) in excess of its own needs, and that the “QF” (CII) does not sell into the ^wholesale *1231 market, must be purchased by Entergy, and that the purchase price shall be Enter-gy’s “avoided cost”.
On April 9, 1998, CII made a written request, pursuant to Louisiana Public Records Law, La. R.S. 44:1 et seq., directed to the LPSC to inspect and copy documents and other information pertaining to Enter-gy’s “avoided costs” calculations. The LPSC responded by letters dated April 24 and 29, 1998, stating that much of the information sought - in the public records request was not, and never had been, in the LPSC’s possession, but that it “should be” in the possession of Entergy. The' LPSC further indicated that some of the requested information which was contained in its files had been designated as “confidential and proprietary” by Entergy and was thus, not subject to disclosure. The LPSC’s response also indicated that, with the exception of those confidential documents, it had already given CII access to all of its files and information contained therein during the months prior to the formal written request.
CII then filed a Petition for Writ of Mandamus seeking a court order allowing inspection and copying of all requested material. Entergy intervened in the action. After a hearing, the trial court ruled that the documents sought are public records and that Entergy, being a public utility, does not have a reasonable expectation of privacy regarding the requested records. The trial court rendered judgment against the defendants, LPSC and St. Blanc, and ordered intervenor, Entergy, to produce the requested documents to CJI for inspection and copying. This appeal by the LPSC followed.[2]
In support of its public records request, CII relies on Section 202 of LPSC Docket No. U-22739, which provides in pertinent part:
|4(b) Each electric utility shall make available data reporting the actual cost of time of delivery on an hourly basis for each day of the reporting period. The data shall be made available not later than 30 days from the date these rules become effective and quarterly thereafter. The date shall be submitted in an electronic format acceptable to the Commission, .... The data shall contain the following:
(1) The actual avoided costs on the electric utility’s system, sd'lely with respect to the energy component, for various levels of purchases from qualifying facilities....
(2) The actual avoided costs shall be stated on a cents per kilowatt-hour basis.
(c) Review
(1) Any data submitted by an electric utility under this section shall be subject to an annual review for accuracy, adequacy, content and timeliness, by the Commission.
(2) In any such review, the electric utility has the burden of coming forward with justification for its data.
CII does not dispute the LPSC’s claim that it does not have custody or control of the requested documents; however, CII maintains it is seeking data and information upon which a utility must rely in determining its avoided costs when it purchases energy from a “QF”, and as such, is data that Entergy is required to make available to the LPSC under Section 202(b) of the LPSC order, rendering it a “public record.” Furthermore, CII maintains that, although not in the possession *1232 of the LPSC, these documents were made available by Entergy to outside consultants and attorneys representing the LPSC in its regulation of Entergy, and therefore, should be considered as having been in the “possession” of the LPSC for purposes of deeming it “public” information.
A document that has been used, prepared, possessed or retained for use by a public agency is a “public record.” La. R.S. 44:1(A)(2). The right of the public to access public records is a fundamental right protected by the constitution and by statute. .La. Const. Art. 12, § 3; La. R.S. 44:31. Thus, whether the information requested by CII is “public record” becomes the pivotal issue in this matter. The trial court determined the requested [■¡information was “the base data from which ... Entergy Louisiana, Inc., determines its avoided costs”; and therefore, deemed it to be a public record.
No one disputes that the requested information contains the base data from which the avoided cost calculation is made. However, the trial court erred as a matter of law in deeming the information a “public record” based on that finding of fact. The statute defines a public record as one having been used, being in use, prepared, possessed, or retained by a state agency in its conduct, transaction, work, duty, function or performance of its business.
The documents requested by CII simply do not fit the definition of a public record. In addition to not having possession of those documents, LPSC never had possession of those documents. They were not prepared by the LPSC, nor were they ever retained by the LPSC. The documents sought by CII are not public records; they are Entergy’s records. And simply because LPSC, in its regulation of Entergy, requires Entergy to make available and submit documentation concerning the calculation of its avoided cost, this authority by LPSC does not equate with “custody or control” of those documents necessary to render them “public records.”
The trial court’s and CII’s reliance on jurisprudence concerning possession is misplaced. We acknowledge that an agency may retain the custody and control of a record in the absence of physical possession without stripping said document of its “public record” status. See Alliance for Affordable Energy v. Frick, 96-1763 (La.App. 4 Cir. 5/28/97), 695 So.2d 1126; Times-Picayune Publishing Company v. Johnson, 94-0790 (La.App. 4 Cir. 10/3/94), 645 So.2d 1174, writ denied, 95-0083 (La.3/17/95), 651 So.2d 260. However, when an agency has never had custody or control of documents, as is the case in this matter, possession, or the lack thereof, becomes insignificant.-
The decision of the trial court, in application, could have far-reaching results. Documents that a state agency is entitled or authorized to view, for whatever purpose, become “public records” by virtue of the state agency’s | (¡authorization. Furthermore, any state agency could be forced by a third party’s public records request to make available documents not in its possession or custody, but documents to which it has access. This result is neither intended nor allowed under our Public Records Law.
Accordingly, the judgment of the trial court in favor of CII and against the defendants is reversed. Having reversed the judgment in its favor, we need not address CII’s answer to the appeal regarding the denial of its claim for attorneys fees. Costs of this appeal are assessed to CII.
REVERSED; MOTION TO STRIKE DENIED.
KLINE, J., Pro Tem., concurs with reasons.

. The appeal contains a motion to strike filed by the appellee, CII, alleging that appellant’s brief contains misstatements of fact and argument, and seeking to have the appellant’s statement of the case stricken in its entirety. The motion was referred to the merits, and it is now denied. - -Our opinions > are always based on our review of the record in its entirety, and we do not rely on the arguments in brief by either party in determining the facts of the matter before us. The record will reveal any inaccuracies or misstatements of fact contained in appellant’s brief, and there is no need to strike any portion of the brief.