STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-155


JALIL ABUSHANAB

VERSUS

ST. CHARLES GAMING COMPANY, INC. D/B/A ISLE OF CAPRI


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-6829
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**MOTION TO STRIKE DENIED; REQUEST TO SUPPLEMENT RECORD ON APPEAL DENIED; JUDGMENT AFFIRMED; ANSWER TO APPEAL DENIED.**


Ezell, J., dissents in part and concurs in part and assigns written reasons.
Keaty, J., dissents in part, concurs in part, and assigns written reasons.


Joseph Lomax Jordan, Jr.
Attorney at Law
1817 W. University Ave.
Lafayette, LA 70506
(337) 233-9984
COUNSEL FOR PLAINTIFF/APPELLEE:
    Jalil Abushanab

**Carl William Robicheaux**
**Attorney at Law**
**2014 W. Pinhook Rd., #603**
**Lafayette, LA 70508**
**(337) 235-7888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **American Guarantee and LiabilityInsurance Company**

**Todd Michael Ammons**
**Stockwell, Sievert**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **St. Charles Gaming Company, Inc.**

**SAUNDERS, Judge.**

Defendant appeals from a judgment in favor of Plaintiffs declaring their interpretation of Defendant's offer of judgment correct and rendering judgment in Plaintiffs' favor in accordance with that interpretation. Plaintiffs answer the appeal.

## FACTS AND PROCEDURAL BACKGROUND

On December 13, 2006, as Jalil Abushanab (Jalil) was about to exit the parking garage and enter the Isle of Capri Casino in Lake Charles, Louisiana, a woman robbed him of $300.00. Jalil chased the woman until she got into a waiting SUV. As the SUV was attempting to flee the scene, it struck Jalil, causing him to fall to the concrete floor of the parking lot. In addition to bruises and abrasions, Jalil suffered a broken hip that required surgery. Jalil filed suit to recover damages for the injuries he sustained in the attack against St. Charles Gaming Company d/b/a Isle of Capri Casino (the Isle) on December 5, 2007. After Jalil died on February 20, 2008, his surviving spouse and ten adult children were granted leave to file a first supplemental and amending petition substituting them as party plaintiffs and asserting their claims for wrongful death and survivor damages.

In May of 2011, the Isle filed a motion for summary judgment seeking to dismiss Plaintiffs' claims for lack of liability. The motion was set for hearing on August 10, 2011. Plaintiffs opposed the motion. Before the hearing, the Isle made a written offer of judgment (Offer) to Plaintiffs on August 6, 2011, pursuant to La.Code Civ.P. art. 970, offering to settle the matter for $250,000.00. On August 10, 2011, prior to the hearing on the Isle's motion for summary judgment, Plaintiffs' counsel hand delivered to counsel for the Isle a letter conveying Plaintiffs' acceptance of the Offer along with a signed Acceptance of Offer of Judgment (Acceptance). After the trial court was informed about the Offer and

Acceptance,[1] it continued the Isle's motion for summary judgment without date and informed the parties that it would entertain motions regarding the Offer and Acceptance at a later date if necessary.

On August 19, 2011, Plaintiffs' counsel filed a motion for judgment on offer of judgment. In response, the Isle filed a motion for Temporary Restraining Order (TRO) seeking to enjoin and restrain Plaintiffs from obtaining an ex parte judgment and requesting that the trial court set Plaintiffs' motion for judgment on offer of judgment for contradictory hearing. The trial court issued the requested TRO. After conducting a hearing on Plaintiffs' motion on September 30, 2011, the trial court took the matter under advisement. In written reasons for judgment filed on October 6, 2011, the trial court ruled in Plaintiffs' favor, agreeing with their contention that the Offer was exclusive of medical and statutory liens and court costs. Judgment awarding Plaintiffs a lump sum payment of $250,000.00, plus any Medicare/Medicaid liens, a lien on behalf of Teche Drugs for $2,632.94, and court costs was signed on October 21, 2011.

The Isle now appeals, contending that the trial court was legally incorrect in finding, based on the law and on the totality of the circumstances, that the Offer and Acceptance were ambiguous and in holding that the Offer should be strictly construed against it, as the offeror. Alternatively, assuming that the Offer and Acceptance are ambiguous, the Isle contends that the trial court erred in refusing to consider the affidavit of the Isle's counsel as to the Isle's intent when it made the Offer to Plaintiffs. Finally, the Isle contends that the trial court erred in concluding there was a meeting of the minds and that the parties had reached a compromise

[1] According to the transcript from the August 10, 2011 hearing, counsel for plaintiffs told the trial court that when he gave counsel for the Isle plaintiffs' Acceptance, he was informed that the Isle had withdrawn the Offer. Because nothing regarding the Offer and/or Acceptance was set on the docket on that date, the trial court made no rulings concerning those matters.

agreement. Plaintiffs answered the Isle's appeal seeking to have the judgment amended to provide for interest and to have this court award them additional damages on the basis that the Isle's appeal is frivolous.

**ASSIGNMENTS OF ERROR:**

1. The district court was legally incorrect in finding the Offer of Judgment and Acceptance of Offer, based on a totality of the circumstances were ambiguous.

2. The district court was legally incorrect in relying on case law to hold the Offer and Acceptance at issue were ambiguous when the case law holds to the contrary.

3. The district court was legally incorrect in holding that the Offer of Judgment should be strictly construed under circumstances where it has been accepted.

4. The district court was legally incorrect refusing to consider the affidavit of Isle Counsel as to the Isle's intent.

5. The district court committed legal error in concluding there was a meeting of the minds and that the parties had a compromise agreement.

**Preliminary Matters:**

After receiving the Isle's appellant brief, Plaintiffs filed a motion to strike either all or portions of the Isle's brief on the basis that it contained "embroidered commentary, argument and 'facts' not introduced at the evidentiary hearing on September 30, 2011." The Isle opposed the motion. On March 30, 2012, the Isle filed a request to supplement the record on appeal requesting that this court consider the entire record when reviewing this appeal, including previously filed motions with attachments, and other documents, because, as evidenced by its reasons for judgment, the trial court clearly considered more than just the exhibits entered into evidence at the September 30, 2011 hearing in rendering judgment in

this matter.[2]  Further, citing La.Code Civ.P. art. 2132 and the comments thereunder, the Isle also sought to supplement the appeal record with copies of email exchanges between counsel to correct misstatements of fact allegedly made to this court by Plaintiffs' counsel.  Plaintiffs opposed the motion and requested that the Isle and its counsel be sanctioned.  This court referred both motions to the merits.

An examination of the briefs and motions filed in this court and in the lower court reveals somewhat overzealous arguments by both counsel of record in this matter.  In addition, at the September 30, 2011 hearing, the trial court noted that it "did not want to get into something that's going to create more animosity."

> An appellate court shall render any judgment which is just, legal and proper upon the record on appeal. La. C.C.P. art. 2164.  The record on appeal includes the pleadings, court minutes, transcript, jury instructions, judgments, and other rulings unless otherwise designated. Even so, facts referred to solely in the arguments of counsel, in brief or otherwise, are not considered record evidence.

*Thomas v. Connolly*, 31,447, p. 3 (La.App. 2 Cir. 1/20/99), 726 So. 2d 1052, 1054 (citations omitted).  Moreover, "[a]ppellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

In *CII Carbon, L.L.C. v. St. Blanc*, 99-1043 (La.App. 1 Cir. 7/31/00), 764 So.2d 1229, *writ denied*, 00-2781 (La. 11/27/00), 775 So.2d 1069, the appellee filed a motion to strike the statement of the case from appellant's brief, claiming that it contained argument and misstated the facts.  The motion was initially referred to the merits.  In its ultimate denial of the motion, the first circuit stated:

> Our opinions are always based on our review of the record in its entirety, and we do not rely on the arguments in brief by either party in determining the facts of the matter before us.  The record will reveal any inaccuracies or misstatements of fact contained in

---

[2] The Isle noted that since the record on appeal was not designated, it already included the documents that plaintiffs sought to exclude from the record in their motion to strike.

appellant's brief, and there is no need to strike any portion of the brief.

*Id.* at 1231 n.2.

The record on appeal is what was sent up from the lower court, and we will only consider that which was considered by the trial court in our review of the judgment on appeal. Keeping that in mind, we now deny Plaintiffs' motion to strike, the Isle's motion to supplement, insofar as it seeks to introduce material not considered by the trial court, and Plaintiffs' request that the Isle and its counsel be sanctioned for filing the motion to supplement.

## ASSIGNMENT OF ERROR NUMBER ONE:

The Isle first contends that the district court was legally incorrect in finding the Offer of Judgment and Acceptance of Offer, based on a totality of the circumstances were ambiguous. We find no merit to this contention.

"Whether a contract is ambiguous [] is a question of law." *Indus. Roofing & Sheet Metal Works, Inc. v. J.C. Dellinger Mem'l Trust*, 32,048, p. 4 (La.App. 2 Cir. 8/20/99), 751 So.2d 928, 933, *writs denied*, 99-2948, 99-2958 (La. 12/17/99), 752 So.2d 166. Appellate courts' review of questions of law de novo to determine whether the trial court was legally correct. *Busby v. Cappaert Manufactured Housing, Inc.*, 01-496 (La.App. 3 Cir. 10/3/01), 799 So.2d 608. To determine whether the trial court was legally correct in its determination that the Offer was ambiguous, we will independently examine the Offer "without giving any deference to [the trial court's] conclusion." *Noel v. Discus Oil Corp.*, 30,561, p. 2 (La.App. 2 Cir. 5/13/98), 714 So.2d 105, 107.

The Offer that the Isle proposed to Plaintiffs on August 6, 2011, provided, in pertinent part, as follows:

> Defendant is willing to settle this suit with plaintiffs by paying
> a lump sum of **TWO HUNDRED AND FIFTY THOUSAND AND**

**NO/100 ($250,000.00) DOLLARS**, inclusive of judicial interest, and any other amount which may be awarded pursuant to statute or rule, including but not limited to, any and all medical liens from any healthcare provider, insurer, Medicare, Medicaid, or otherwise, and court costs incurred.

The Acceptance that Plaintiffs' counsel gave to counsel for the Isle on August 10, 2011, was signed by him in his capacity as attorney for Plaintiffs and provided that:

> I, J. LOMAX JORDAN, JR., attorney for plaintiffs, accept the offer of judgment made by ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES in the amount of TWO HUNDRED FIFTY THOUSAND AND 00/100 ($250,000.00) DOLLARS on this the 10 day of August 2011.

According to the transcript from the September 30, 2011 hearing on its motion for judgment on offer of judgment, although Plaintiffs accepted the Offer, they now disagreed with the Isle as to what the Offer meant. Plaintiffs argued that the Offer included a $250,000.00 lump sum cash payment, inclusive of judicial interest, plus payment of any medical or statutory liens plus court costs. They contended that the placement of the commas and the use of the conjunction "and" in the Offer separated the medical lien component from the first portion of the Isle's Offer that contained the amount of the Offer and the *inclusive* language. The Isle disagreed, taking the position that its Offer mirrored the language of La.Code Civ.P. art. 970 and was inclusive of everything, including judicial interest, medical or statutory liens, and court costs.

The trial court was apparently swayed by Plaintiffs' argument, as it noted in its written reasons for judgment that the phrase, "inclusive [of] judicial interest" was "set off by commas and followed by a conjunction rather than by another thing in a list." The reasons for judgment further provided that:

> Based on the evidence available to this court as well as the wording and punctuation of the offer, it appears the Plaintiff's [sic] interpretation is the correct one. However, because some may be able

to attribute on meanings based on the same words and punctuation, the court finds the offer to be ambiguous.

As a result of that perceived ambiguity, the trial court construed the Offer against the Isle, as the drafter of the Offer, and declared that the Offer was *exclusive* of court costs and "any and all medical liens from any healthcare provider, insurer, Medicare, Medicaid, or otherwise."

The parties submit two reasonable interpretations of the offer. In Plaintiffs' view, the conjunction "and" separates the offer into two separate components. From that perspective, "paying" modifies the objects "lump sum of $250,000, inclusive of judicial interest," and any other amount awarded, medical liens, and court costs.

According to Isle, however, "and" does not separate the offer into two components. Rather, "and" serves to connect "inclusive" to any other amount, medical liens, and court costs. "Inclusive," then, would apply to each comma-separated clause listed after "judicial interest."

It is likely true that Isle's actual intention was its presented interpretation. However, the issue presented to us is not the most probable intent of the parties or the most probable interpretation of the offer. Rather, the issue before us is whether the offer is ambiguous. Given that the offer can be clearly construed in two very different manners and both are reasonable, it is clear that the Isle's offer was ambiguous. Isle is the offeror; as such, it owns the responsibility to clearly phrase its offer.

It is also noteworthy that an "offer of judgment" once made, must be accepted/rejected as made. Failure to accept has negative consequences. This is a serious weapon in the hands of a skilled attorney. To require the Plantiff to have to speculate as to the meaning of an "offer of judgment" violates notions of

7

fundamental fairness. Accordingly, we affirm the trial court that the Isle's offer was ambiguous.

**ASSIGNMENTS OF ERROR NUMBERS TWO THROUGH FIVE**:

The Isle's remaining assignments of error can be addressed under one heading because they can rely upon this court finding that offers of judgment are adjudicated under the same principles as compromises under La. Civ.Code art. 3071. We find that offers of judgment under La.Code Civ.P. art. 970 have special rules that apply to them even though they have the common characteristic of putting an end to litigation with a compromise. Louisiana Code of Civil Procedure Article 970 provides:

> A. At any time more than thirty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.

> B. An offer of judgment not accepted shall be deemed withdrawn and evidence of an offer of judgment shall not be admissible except in a proceeding to determine costs pursuant to this Article.

> C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.

> D. The fact that an offer is made but not accepted does not preclude a subsequent offer or a counter offer. When the liability of one party to another has been determined by verdict, order, or

8

judgment, but the amount or extent of the damages remains to be determined by future proceedings, either party may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than thirty days before the start of hearings to determine the amount or extent of damages.

E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.

F. A judgment granted on a motion for judgment on an offer of judgment is a final judgment when signed by the judge; however, an appeal cannot be taken by a party who has consented to the judgment.

"Article 970 essentially provides that costs shall be awarded to an offeror whose pre-trial offer is rejected and later exceeded, after trial, by a judgment at least 25 percent greater than the offer." *Held v. Aubert*, 02-1486, pp. 13-14 (La.App. 1 Cir. 5/9/03), 845 So.2d 625, 636. "Article 970 is punitive, and its function is to compensate the rejected offeror who was forced to incur greater trial litigation costs which could have been avoided if defendant had not acted unreasonably in rejecting the offer." *Edwards v. Daugherty*, 98-635, p. 10 (La.App. 3 Cir. 6/9/99), 736 So.2d 345, 351, *writ denied*, 99-2034 (La. 9/17/99), 747 So.2d 568.

This court has stated, "Article 970 is a modified version of Rule 68 of the Federal Rules of Civil Procedure." *Id.* In *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 01-16,265 (11th Cir. 7/24/02), 298 F.3d 1238, 1244, the United States 11th Circuit Appellate Court observed:

Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror. As *Nusom* [*v. Comh Woodburn, Inc., 122 F.3d 830, 833-34 (9th Cir.1997*] explained, any ambiguity in the terms of an offer must be resolved against its drafter, and therefore, absent a clear indication to the contrary the accepting party cannot be deemed to have received its fees or waived the right to seek them. *Nusom* at 835. There is good reason for this stricture:

> Because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must make clear whether or not the offer is inclusive of fees. . . . As with costs, the plaintiff should not be left in the position of guessing what a court will later hold the offer means.

*Webb*[ *v. James*, 147 F.3d 617, 623 (7th Cir.1998)]. Indeed, Rule 68 places the offerree in a most unusual posture in the landscape of settlement contracts. While an offeree can respond to an ordinary settlement offer through a counteroffer or seek to clarify or modify its terms, a Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties. Only the offeror can ensure that the offer clearly includes or excludes fees.

This view is opposed by that put forth by the Isle and expressed by our sister court in *Crawford v. United Services Automobile Ass'n*, 03-2117 (La.App. 1 Cir. 3/24/05), 899 So.2d 668. In *Crawford*, the plaintiff filed suit against his insurer, United Services Automobile Association (USAA), seeking to recover damages under an insurance policy that provided uninsured/underinsured motorist (UM) and medical payment coverage in connection with automobile accidents that occurred in 1994 and 1995. USAA made a written offer of judgment to the plaintiff offering to settle all claims between them. The offer provided that it was "for $250,000.00 and is exclusive of all costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute, rule, or stipulation." *Id.* at 670. Three days later, the plaintiff, by letter, expressed his acceptance of the offer. A disagreement soon arose as to whether the offer was to be subject to a prior judgment and a prior joint stipulation.[3] After a hearing was held on the parties' cross motions for judgment on the offer of judgment, the trial court granted judgment in favor of

---

[3] The prior judgment was rendered in conjunction with a motion for summary judgment filed by USAA regarding liability and insurance coverage. The judgment provided that the plaintiff proved that he had UM coverage with USAA in the amount of $1.3 million for each accident subject to a $55,000.00 credit for the 1994 and a $105,000.00 credit for the 1995 accident. The prior stipulation that the parties had entered into the record specifying the plaintiff would be entitled to a 5% penalty and a 20% attorney fee on any damage awarded and that certain post-judgment calculations were to be made in accordance with their agreement as noted in a January 23, 2003 letter which was attached to the stipulation.

USAA, finding that "the offer of judgment did not preclude USAA from receiving credit for the amounts previously paid," with penalties and attorney fees calculated on the amount offered less those credits. *Id.*

The plaintiff appealed and the first circuit reversed, finding that the trial court erred in concluding that "USAA was entitled to reduce the total amount of money of the settlement offer by the previously determined credits." *Id.* at 674. In doing so, the court reasoned that "[t]o the extent that an offer of judgment is utilized for the purposes set forth in LSA-C.C. art. 3071,[4] an acceptance of such an offer constitutes a compromise." *Id.* at 671. The *Crawford* court noted that a "compromise instrument is governed by the same general rules of construction applicable to contracts" and that a "compromise is valid only if there is a meeting of minds between the parties as to exactly what they intended at the time the compromise was reached." *Id.* After allowing the parties to submit extrinsic evidence of their intent at the time the offer of judgment was made and accepted, the first circuit applied the rules regarding the interpretation of contracts and determined that the trial court erred in finding that USAA could reduce its $250,000.00 offer of judgment by the credits that the trial court had previously found would be due USAA after a trial had occurred.

After considering both views, we find the reasoning put forth in *Utility Automation 2000, Inc.* to be persuasive. An offeror of an offer of judgment must be held to a higher standard than that of a party simply making an offer to settle or an offer to contract. The nature of Article 970 is such that an offeror is in an

---

[4] Louisiana Civil Code Article 3071 provides that "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Although this article was amended after *Crawford* was decided, the revision comments state that the amendment was not intended to change the law.

11

advantageous position relative to the offeree. Here, the Isle, through its offer, placed Plaintiffs in the precarious position of either accepting an ambiguous offer or risking having to pay the Isle's costs thereafter. This view is such that it levels the field between the parties and does not run afoul with the legislative intent to encourage settlement. Accordingly, we affirm the trial court's decision to interpret the Isle's offer of judgment against them as offeror and draftee.

## PLAINTIFFS' ANSWER TO APPEAL:

Plaintiffs filed an answer to the Isle's appeal seeking to have this court amend the judgment in its favor to provide that it include judicial interest from the date of judicial demand until paid. Alternatively, Plaintiffs suggest that even if the Isle owes no interest on the lump sum amount, it should nonetheless owe judicial interest "on all amounts in judgment on the Medicare, medical lien, court costs and any other applicable amounts." Plaintiffs also seek to have the Isle cast with all costs incurred in the trial court and in this appeal. Finally, Plaintiffs contend that they should be awarded damages for having to defend what they deem is a frivolous appeal.

In response, the Isle points out that Plaintiffs judicially admitted in their supplemental memorandum in support of their motion for judgment on offer of judgment that the Offer was inclusive of judicial interest.[5] As such, the Isle submits that Plaintiffs should not now be allowed to claim that they are owed judicial interest. The Isle further contends that the Plaintiffs' filing of an answer to

---

[5] The supplemental memorandum that was filed on August 26, 2011, included the following language:

> It is plaintiffs' position that the "lump sum" amount of $250,000.00 includes judicial interest from the date of judicial demand, because the word "inclusive" is positioned in such a manner as to indicate that the lump sum amount includes judicial interest. Therefore, once the judgment is rendered, the plaintiff is precluded from demanding additionally any judicial interest on the amount of the judgment.

request that the judgment be modified necessarily neutralizes and renders moot Plaintiffs' claim that they be awarded damages for frivolous appeal.

Plaintiffs insisted in the trial court that the wording of the Isle's Offer dictated the $250,000.00 lump sum amount was inclusive of judicial interest and nothing else. They now claim that the judgment should be amended to include, or add, judicial interest from the date of judicial demand. This court may only review issues which have been submitted to the trial court. *See* Uniform Rules—Courts of Appeal, Rule 1–3. Here, not only did Plaintiffs fail to argue to the trial court that the Offer excluded judicial interest, they argued the exact opposite. Such a flip-flop of arguments is somewhat disingenuous. As such, we further deny Plaintiffs' alternative request that judicial interest should have been awarded on those parts of the judgment.

In *Latiolais v. Bellsouth Telecommunications, Inc.*, 11-383, p. 10 (La.App. 3 Cir. 10/5/11), 74 So.3d 872, 878, we stated:

> Pursuant to La.Code Civ.P. art. 2164, an appellate court can award damages for frivolous appeal. This provision is penal in nature; therefore, damages will not be awarded unless it appears the appeal was taken merely to delay the proceeding, no serious legal issue was raised, or counsel did not seriously believe in the position taken on appeal.

Although we have found no merit in the Isle's appeal, it clearly raised serious legal issues and was not filed simply to delay this proceeding. Moreover, the courts of this state have long held that "[w]hen an appellee asks that the judgment be amended, damages for a frivolous appeal will not be allowed." *ANR Pipeline Co. v. La. Tax Comm'n*, 05-1142, p. 31 (La.App. 1 Cir. 9/7/05), 923 So.2d 81, 100, *writ denied*, 05-2372 (La. 3/17/06), 925 So.2d 547. Accordingly, we deny Plaintiffs' claim for damages for frivolous appeal.

## DECREE

For the foregoing reasons, we deny Plaintiffs' motion to strike and the Isle's request to supplement the record on appeal. The judgment of the trial court is affirmed. Plaintiffs' answer to appeal is denied in its entirety. All costs of this appeal are assessed against the Isle.

**MOTION TO STRIKE DENIED; REQUEST TO SUPPLEMENT RECORD ON APPEAL DENIED; JUDGMENT AFFIRMED; ANSWER TO APPEAL DENIED.**

**JALIL ABUSHANAB**

**VERSUS**

**ST. CHARLES GAMING COMPANY, INC. D/B/A ISLE OF CAPRI**

**EZELL, Judge, dissenting in part and concurring in part.**

I dissent for the reasons assigned by Judge Keaty. I concur with the majority's denial of Plaintiff's Motion to Strike and the Isle's request to supplement the record on appeal, along with their denial of Plaintiff's answer to appeal.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-155

JALIL ABUSHANAB

VERSUS

ST. CHARLES GAMING COMPANY, INC.
D/B/A ISLE OF CAPRI

**KEATY, J.,** dissents in part and concurs in part.

I respectfully dissent from the majority's affirmance of the trial court's judgment. The following rules found in the Louisiana Civil Code regarding interpretation of contracts are applicable here.[1] "Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. "The words of a contract must be given their generally prevailing meaning." La.Civ.Code art. art. 2047. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050.

After having carefully read the Offer and the Acceptance, along with the pleadings, the judgment, the written reasons for judgment, and the transcript from the September 30, 2011 hearing, and considering those items in conjunction with the plain wording of La.Code Civ.P. art. 970, I am convinced that the Offer made by the Isle and accepted by Plaintiffs is not ambiguous. Article 970 requires that an offer of judgment "specify whether that amount is inclusive or exclusive of

---

[1] Most of these rules on contract interpretation were discussed in *Crawford v. United Services Automobile Ass'n,* 03-2117 (La.App. 1 Cir. 3/24/05), 899 So.2d 668, a case mentioned by the majority.

1

costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule." With wording that essentially mirrored that of Article 970, the Isle clearly and unequivocally made an offer of judgment to Plaintiffs for $250,000.00 "**inclusive** of judicial interest, and any other amount which may be awarded pursuant to statute or rule, including but not limited to, any and all medical liens from any healthcare provider, insurer, Medicare, Medicaid, or otherwise, and court costs incurred." (Emphasis added.) I believe that the trial court erred in concluding that the comma and the word "and" after the word "interest" meant that the parties intended to **exclude** everything that followed from being a part of the lump sum offer. Such a conclusion ignores the meaning suggested by the clear wording of the contract when read as a whole. To find that an offer which included the word *inclusive* somehow excludes only one item in a series of items is simply unreasonable, especially when that offer is read in the context of Article 970. Accordingly, I would reverse the judgment of the trial court insofar as it orders the Isle to pay Plaintiffs more than a $250,000.00 lump sum.

The majority concedes that "[i]t is likely true that Isle's actual intention was its presented interpretation." It then goes on to say that "the issue presented to us is not the most probable intent of the parties or the most probable interpretation of the offer." "The [Louisiana] Rules of Professional Conduct establish minimum standards for the ethical conduct of attorneys not only in their relations with their own clients, but with adversaries, opposing attorneys, the public, and the courts." *Teague v. St. Paul Fire & Marine Ins. Co.*, 06-1266, pp. 24-25 (La.App. 1 Cir. 4/7/09), 10 So.3d 806, 824, *writ denied*, 09-1030 (La. 6/17/09), 10 So.3d 722. In my opinion, to ignore the intent of the parties under the facts of this case deals a

heavy blow to the spirit of professionalism expected of and required by attorneys practicing law in Louisiana.

I concur with the majority's denial of Plaintiffs' motion to strike and the Isle's request to supplement the record on appeal, along with their denial of Plaintiffs' answer to appeal.