| | | |
|---|---|---|
| **SHELLEY THOMAS** | * | **NO. 2024-CA-0043** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **BANKERS SPECIALTY** | * | |
| **INSURANCE COMPANY** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-07311, DIVISION "D"
Honorable Inemesit O'Boyle, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Joy Cossich Lobrano)

David A. Binegar
Tiffany R. Christian
BINEGAR CHRISTIAN LLC
4902 Canal Street, Suite 301
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/APPELLEE

Wayne R. Maldonado
Warren J. Greenwood, Jr.
Alex J. Granier
UNGARINO & MALDONADO, LLC
3850 North Causeway Blvd.
Sute1280
Metairie, LA 70002

     COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED AND REMANDED**
**June 25, 2024**

*TFL*

*RLB*

*JCL*

This matter derives from a dispute regarding a property damage claim brought by Appellee, Shelley Thomas ("Ms. Thomas"), and the Offer of Judgment tendered by her insurer, Appellant, Bankers Specialty Insurance Company ("Bankers"). Bankers submitted an Offer of Judgment for **"EIGHTY THOUSAND AND NO/100 ($8,000.00)**.[1] The trial court granted Ms. Thomas' Motion for Judgment on Offer of Judgment ("Motion for Judgment") in the amount of eighty thousand dollars.

On appeal, Bankers contends that the eighty thousand dollars tender was a mistaken typographical error and that its intent was to submit an offer of only $8,000.00. Hence, in light of the ambiguous sums set forth in the Offer of Judgment, the trial court erred in granting Ms. Thomas' Motion for Judgment for eighty thousand dollars.

The record supports that Bankers did not intend to offer eighty thousand dollars and the parties did not have a meeting of the minds to compromise the dispute

---

[1] The written number in the Offer of Judgment shall be referenced herein as eighty thousand dollars and the number expressed by figure shall be referenced as $8,000.00.

1

for that amount. Moreover, the ambiguous amounts tendered in the Offer of Judgment lacked sufficient specificity to meet the prerequisites for an enforceable offer as required by La. C.C.P. art. 970. Accordingly, we reverse the judgment and remand for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL HISTORY

Ms. Thomas obtained a builders risk insurance policy with Bankers for an initial policy period from December 23, 2019 through June 23, 2020, on property located on Hollygrove Street in New Orleans, Louisiana (the "Property"). The policy's application indicated that the Property was undergoing "light renovation," and was about 30% completed. Bankers extended the policy period to June 23, 2020 through December 23, 2020, based on claims from Ms. Thomas' agent that the Covid 19 pandemic had delayed repairs.

In November 2020, Ms. Thomas brought a claim under the policy for property damage sustained as a result of Hurricane Zeta. Bankers responded with a complaint for declaratory judgment to compel Ms. Thomas to appear for on-going examinations under oath regarding her claim. Ms. Thomas filed an answer, affirmative defenses, and a reconventional demand requesting dismissal of Bankers' declaratory judgment complaint and compensation for her property damage loss.

Thereafter, Bankers filed a motion for summary judgment alleging no coverage. Bankers claimed that Ms. Thomas had misrepresented in the application that the Property was undergoing new construction when no new construction—

outside of a home elevation in 2011—had taken place on the Property since 2007.[2] Ms. Thomas denied the allegations, and the trial court dismissed Bankers' summary judgment motion.

On January 13, 2023, Bankers made the Offer of Judgment for "**Eighty Thousand and no/100 ($8,000.00) Dollars.**" On the same date, Ms. Thomas' attorney sent notice to Bankers' counsel accepting the Offer of Judgment for eighty thousand dollars.[3] Ms. Thomas filed the Motion for Judgment on January 19, 2023.

Upon receipt of notice of Ms. Thomas' acceptance of the Offer of Judgment for eighty thousand dollars, Bankers' counsel submitted a letter to Ms. Thomas' attorney on January 23, 2023.[4] He explained that the eighty thousand dollars offer contained a typographical error in that a "y" was inadvertently added at the end of the word "Eight." He clarified that the correct offer was for $8,000.00 and re-submitted an Offer of Judgment for that amount. Notwithstanding receipt of Bankers' letter regarding the error, Ms. Thomas elected not to withdraw the Motion for Judgment. Bankers filed its opposition to the Motion for Judgment on February 3, 2023.

At the hearing on the Motion for Judgment, Ms. Thomas argued that no jurisprudence exists that permits an offer of judgment to be withdrawn after acceptance. Ms. Thomas also maintained that La. R.S. 1:6 and La. R.S. 10:3-114

---

[2] Bankers' summary judgment motion also alleged that the Property had been damaged and remained unoccupied since Hurricane Katrina in 2005.

[3] The record is unclear as to whether notice of Ms. Thomas' acceptance of the Offer of Judgment was submitted via mail, facsimile, or e-mail.

[4] The record is unclear as to the date Bankers received actual notice of the acceptance of the Offer of Judgment.

essentially provide that the written word prevails where a conflict exists between a number expressed by figures and written words. Accordingly, Ms. Thomas asserted that Bankers' written "eighty thousand dollars" Offer of Judgment prevails over the "$8,000.00" Offer of Judgment.

Bankers countered that the mistake regarding the precise settlement amount vitiated consent as it goes to the parties' intent to confect a settlement agreement. Bankers asserted that Louisiana law allows parol evidence to resolve any ambiguity in a contract. In support of its position that the eighty thousand dollars offer was a mistake, Bankers offered into evidence correspondence from the client that authorized a settlement offer in the amount of $8,000.00 and an e-mail from Bankers' counsel to his secretary to prepare an Offer of Judgment for $8,000.00 ("the Exhibits").

The trial court permitted Bankers an opportunity to brief the applicability of La. R.S. 1:6 to the conflict between the written word and the numerical figures. The following colloquy took place between the Court and Bankers' counsel:

THE COURT:

> Mr. Granier, I have one question for you. I don't recall seeing the argument regarding the written amount versus the figures; was that in his original pleading?

MR. GRANIER:

> No, it was not, Your Honor.

THE COURT:

> Okay. Yes, I didn't remember seeing that. Would you like an opportunity to brief that?

MR. GRANIER:

> If Your Honor is going to decide against the defendants, absolutely.

THE COURT:

> I am. So, yeah, I do recall you wanted an opportunity to brief that.

MR. GRANIER:

> Okay. So, his Title 1, Section 6 (La. R.S. 1:6) argument?

THE COURT:

> Yes.

In its brief, Bankers contended that La. R.S. 1:6 only applies to the interpretation of revised statutes and has no application to a compromise settlement.

After receipt of Bankers' additional opposition, the trial court rendered judgment granting Ms. Thomas' Motion for Judgment for eighty thousand dollars. Bankers timely appealed.

## ASSIGNMENTS OF ERROR

Bankers makes the following assignments of error:

1. The trial court legally erred in its decision to grant Ms. Thomas' Motion for Judgment because an error exists that vitiates Bankers' consent to the compromise.

2. The trial court legally erred in its decision to grant Ms. Thomas' Motion for Judgment because the parol evidence produced by Bankers shows it intended to enter into a compromise for $8,000.00.

3. The trial court legally erred in its decision to grant Ms. Thomas' Motion for judgment because La. R.S. 1:6 is inapplicable to the interpretation of contracts.

4. The trial court legally erred in its decision to grant Ms. Thomas' Motion for Judgment because Louisiana law concerning compromises contains no requirement that words prevail over numbers when there is a contradiction between alphabetical and numerical terms.

5

5. The trial court legally erred in its decision to grant Ms. Thomas' Motion for Judgment because the judgment violates Louisiana public policy to enforce an Offer of Judgment with ambiguous terms that are contrary to the party's intent.

We find that Bankers' assignments of error summarily contend that ambiguity in the Offer of Judgment precluded the trial court's grant of the Motion for Judgment in the following respects: (i) the trial court erred because neither La. R.S. 1:6 nor La. R.S. 10:3-114 mandate that words prevail over numbers where an ambiguity exists in a compromise agreement; and (ii) the trial court erred because the ambiguity and/or lack of specificity in the amount of the Offer of Judgment did not meet the criteria to enforce an offer of judgment pursuant to La. C.C.P. art. 970 or to effectuate a compromise settlement agreement.

## DISCUSSION

### Standard of Review

"The issue of whether or not the language of a contract is ambiguous is an issue of law subject to de novo review on appeal." *Bartlett Const. Co., Inc. v. St. Bernard Parish Council*, 1999-1186, p. 4 (La. App. 4 Cir. 5/31/00), 763 So.2d 94, 97. In such matters, the appellate court's review is to determine whether the trial court was legally correct or incorrect in its interpretation. *Id.*, p. 5, 763 So.2d at 96-67 (citations omitted).

### General Purpose of Offer of Judgment

Before this Court begins its review of the merits of the appeal, we shall first discuss the general purpose of an offer of judgment and acceptance of an offer of judgment. Louisiana Code of Civil Procedure Article 970(A) provides the following:

At any time more than twenty days before the time specified for the trial of the matter, without any admission of liability, any party may

6

serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.

The statute's purpose is to compensate the rejected offeror for litigation expenses incurred had not the offeree unreasonably rejected the offer. *See Lee v. Louisiana Bd. of Trustees for State Colleges*, 2017-1432, p. 4 (La. App. 1 Cir. 3/13/19), 275 So.3d 15, 18.

In the matter *sub judice*, Ms. Thomas accepted the Offer of Judgment and timely moved for judgment on the offer. As noted in La. C.C.P. art. 970, acceptance of the offer and movement for judgment on the offer is intended be dispositive of all claims between the parties as specified in the offer. In that respect, offers of judgment are adjudicated under the same principles as compromises under La. C.C. art. 3071.[5] *See Abushanab v. St. Charles Gaming Co. Inc.*, 2012-155, p. 8 (La. App. 3 Cir. 11/7/12), 103 So.3d 1197, 1203. Correspondingly, compromises are governed by the same general rules of construction that apply to contracts. *See Chalmette Retail Ctr. L.L.C. v. Lafayette Ins. Co.*, 2009-0217, p. 7 (La. App. 4 Cir. 10/16/09), 21 So.3d 485, 492.

---

[5] Louisiana Civil Code art. 3071 states that "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."

Accordingly, Bankers' opposition to the Motion for Judgment requires this Court to evaluate the impact of the ambiguous settlement sums on the enforceability of the Offer of Judgment as a compromise agreement.

***Interpretation of Ambiguous Contracts***

A contract is ambiguous when uncertainty exists as to the parties' intentions and the contract is susceptible to more than one reasonable meaning upon application of the established rules of construction. *Bodenheimer v. Carrollton Pest Control & Termite Co.*, 2017-0595, p. 9 (La. App. 4 Cir. 2/14/18), 317 So.3d 351, 358. Unambiguous contracts are subject to interpretation based on the four corners of the instrument. *Bodenheimer*, 2017-0595, p. 7, 317 So.3d at 357 (citations omitted). However, "where the terms of the agreement are unclear, ambiguous or will lead to absurd consequences, the court may go beyond the original agreement to determine the true intent of the parties." *Rabenhorst Funeral Home, Inc. v. Tessier*, 1995-1088, p. 4 (La. App. 1 Cir. 5/10/96), 674 So.2d 1164, 1166. In those instances, the use of extrinsic evidence is allowed. *Bodenheimer*, 2017-0595, p. 7, 317 So.3d at 357.

In the instant matter, Bankers alleges that the Offer of Judgment contained an inherent ambiguity based on the different amounts offered—eighty thousand dollars versus $8,000.00. Bankers cites the Exhibits as proof that its intent was to extend an $8,000.00 Offer of Judgment. Bankers represents that the absence of a specific offer meant the parties had no meeting of the minds, and therefore, precludes enforcement of the Offer of Judgment.

Ms. Thomas does not dispute the existence of an ambiguity. Instead, Ms. Thomas counters the ambiguity should be resolved in her favor. She argues that notwithstanding the differences between the written offer of eighty thousand dollars and the numerical offer of $8,000.00, the trial court properly determined that she

8

was entitled to accept the written offer. She relies on La. R.S. 1:6 and La. R.S. 10:3-114, statutes that allow for the written word to prevail when a conflict exists between numbers expressed by both figures and the written word. Moreover, Ms. Thomas argues that any perceived ambiguity should be strictly construed against Bankers as the drafter of the Offer of Judgment. *See Abushanab*, 2012-1197, p. 7, 103 So.3d 1197, 1203.

We find Ms. Thomas' arguments are misplaced. Instead, this Court agrees with Bankers that the ambiguity and lack of specificity in the amount of the Offer of Judgment and Bankers' Exhibits demonstrated that the eighty thousand dollars offer was a mistake and there was no meeting of the minds—factors which rendered the Offer of Judgment unenforceable.

### *Conflict between Written Words and Numbers*

Upon review, Bankers' argument that the trial court erred in determining that the written eighty thousand dollars offer prevails over the "figurative" $8,000.00 dollar offer pursuant to La. R.S. 1:6 and La. R.S. 10:3-114 has merit.

First, we conclude that the provisions of La. R.S. 1:6 are not controlling in the instant matter. Louisiana Revised Statute 1:6 states that "[w]henever there is a conflict between a number expressed both by figures and words, the latter shall prevail unless such words obviously are contrary to the legislative intent." Thus, the language of the statute itself indicates that La. R.S. 1:6 is meant to control conflicts between words and figures involving the correct interpretation of a statute's legislative intent—not to resolve ambiguity in the interpretation of a private contractual or compromise agreement. Mrs. Thomas points to no jurisprudence that expressly restricts the resolution of numerical disputes in contractual matters to consideration of only the written word versus the figurative number. Indeed, as

9

discussed by *Bodenheimer* and *Rabenhorst, supra*, Louisiana jurisprudence expressly provides that when a dispute arises as a result of ambiguities or the scope of a compromise agreement, use of extrinsic evidence can be used to determine the differences the parties intended to settle. *See also White v. Cox Operating, LLC,* 2018-0755, p. 4 (La. App. 4 Cir. 3/20/19), 267 So.3d 147, 151 (opining that Louisiana courts have crafted a jurisprudential exception to the extrinsic evidence rule for compromise agreements "[w]hen there is a  dispute as to the scope of a compromise agreement . . .").

For similar reasons, we also find that La. R.S. 10:3-114 does not mandate preference to the written word over numbers in resolving conflicts between the two. This Court notes that the statute provides that "[i]f an instrument contains contradictory terms, typewritten terms prevail over printed terms, handwritten terms prevail terms prevail over both, and words prevail over numbers." Notwithstanding, our jurisprudence considers the evidence and the facts of the case in determining whether the written word prevails over the number in a contractual dispute.  For instance, in *American Bank & Trust Co. v. Straughan*, 248 So.2d 73, 78 (La. App. 1St Cir. 1971), the defendant maker admitted that he received from the payee the sum of $25,000.00 and not twenty-five dollars.  Under the circumstances, the appellate court held that the trial court did not err in finding that the defendant's promissory note was for $25,000.00—the numerical sum—not twenty-five dollars, as expressed in the written words. *Id.*  The *Straughan* Court reiterated the precept that where such conflicts exist, it is appropriate to consider parol evidence to show the true figure. *Id.*

Likewise, in the case at bar, this Court is not bound to accept the written word over the figurative number.  We may consider Bankers' parol evidence, the Exhibits,

10

in resolving the ambiguity between the eighty thousand dollars and the $8,000.00 offers and ascertaining the parties' intent. Upon consideration of the parol evidence, we find Bankers' clear intent was to offer $8,000.00.

### *Compromises*

A compromise instrument is the law between the parties and is interpreted according to the intent of the parties. *Ortega v. State, Dept. Of Transp., and Dev.*, 1996-1322, p. 7 (La. 2/5/97), 689 So.2d 1358, 1363. Consent of the parties, established through offer and acceptance, and a meeting of the minds is necessary for a binding contract. *Landix v. Blunt*, 2012-1231, p. 5 (La. App. 4 Cir. 3/20/13), 112 So.3d 376, 379.

In compromises involving offers of judgment, in general, clarity and precision in the offer of judgment rests with the offeror and any ambiguity in its terms are resolved against the offeror. *See Abushanab*, 2012-155, p. 9, 103 So.3d at 1205. The *Abushnab* Court explained that where an offer can be clearly construed in two different manners and both are reasonable, ambiguities are resolved against the offeror because of the potential negative consequences the offeree faces if the offer of judgment is rejected. *Id.*, 2012-155, 103 So.3d at 1203. However, this principle is not applicable to the facts of the case *sub judice*. Here, the "ambiguity" in the Offer of Judgment—whether the offer was for eighty thousand dollars or for $8,000.00—is not an ambiguity that is subject to two reasonable constructions. Rather, the ambiguous sums are for two contradictory amounts. These contradictory sums cast doubt as to the specific amount of the Offer of Judgment and go to the intent of the parties to reach a compromise.

As previously referenced, Bankers' Exhibits provided sufficient proof that its intent was to compromise the case for $8,000.00. In contrast, Ms. Thomas'

expressed intent was to accept an offer of eighty thousand dollars. Therefore, we conclude that the Offer of Judgment did not reflect a meeting of the minds to compromise the dispute.

### *Special Rules of La. C.C.P. art. 970*

Louisiana Civil Code Article 970 provides that one of the principal requirements of an offer of judgment is that the offeror "specify the total amount of the settlement offer." The article is punitive in nature and as a result, it is strictly construed against the offeror. *See Cotton v. Delta Queen Steamboat Co.*, 2009-0736, p. 13 (La. App. 4 Cir. 1/16/10), 36 So.3d 262, 272.

Based on the strict construction required in reviewing an offer of judgment, we find the disparate offers of eighty thousand dollars and $8,000.00 herein fail to meet the specification requirement of La. C.C. art. 970. Thus, the lack of specificity in the offer amount meant Bankers could not have enforced the Offer of Judgment had Ms. Thomas rejected the offer and received an adverse judgment at trial. Likewise, because the Offer of Judgment did not meet the strict requirements of enforceability under La. C.C. art. 970, Ms. Thomas was not entitled to a judgment granting her Motion for Judgment on the offer.

### CONCLUSION

The parties had no meeting of the minds to compromise the matter for eighty thousand dollars. Moreover, Bankers did not properly specify the amount of the Offer of Judgment as required by La. C.C.P. art. 970. Thus, the trial court erred in granting Ms. Thomas' Motion for Judgment.

Accordingly, we reverse the judgment and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**